■ BENJAMIN ALLEN et al., Appellants, v NEW YORK CITY TRANSIT AUTHORITY et al., Respondents. [828 NYS2d 302]—

Order, Supreme Court, Bronx County (Alan J. Saks, J.), entered April 3, 2006, which, inter alia, denied plaintiff's cross

motion for summary judgment on the issue of defendants' liability under Labor Law § 240 (1), unanimously modified, on the law, to grant summary judgment on such issue as against the municipal defendants-respondents, and otherwise affirmed, without costs.

The platform on which plaintiff, an electrician, was working had no gate, requiring that plaintiff climb over the four- or five-foot-high surrounding wooden railing in order to gain access to the eight-foot-high metal ladder that led down to the ground along the side of the truck that hydraulically lifted the platform. Plaintiff testified that just before the accident he had lowered the platform to get some materials from the ground, and, while he was climbing over the railing, the platform shook, the top rail broke and he fell to the ground. While actually engaged in his work of installing 10-foot-long conduit pipes to the underside of a signal room located next to elevated railroad tracks owned by the municipal defendants, plaintiff wore a safety harness connected to a two- or three-foot-long safety line that he attached to an I-beam of the structure he was working on. He was wearing the harness as he climbed over the railing, although he had detached it from the safety line before starting his descent. Plaintiff testified that he was instructed by his employer to attach the line to the structure he was working on when he reached working height, and there is no evidence that he was instructed differently. Nevertheless, the municipal defendants assert that before alighting the platform, plaintiff should have attached the two- or three-foot safety line "to something," although they do not say what, and that his failure to do so was the sole proximate cause of the accident. This conclusory argument fails to raise a bona fide issue of fact as to whether plaintiff disregarded instructions to use the harness while alighting from the platform (cf. Cahill v Triborough Bridge & Tunnel Auth., 4 NY3d 35, 39 [2004]). Nor does it raise a bona fide issue of fact as to whether the harness could have been so placed and operated as to give proper protection to a worker alighting from this platform (cf. Blake v Neighborhood Hous. Servs. of N.Y. City, 1 NY3d 280, 290 [2003]). On this record, it is clear that any negligence in plaintiff's use of the harness was not the sole proximate cause of the accident. Concur—Saxe, J.P., Sullivan, Williams, Sweeny and Malone, JJ.