■ AUSTRALIA COLLADO, as Administratrix of the Estate of KERVIN F. COLLADO, Deceased, et al., Respondents, v CITY OF NEW YORK et al., Appellants-Respondents, and PARSONS BRINCKERHOFF CONSTRUCTION SERVICES, INC., Respondent-Appellant, et al., Defendant. PARSONS BRINCKERHOFF CONSTRUCTION SERVICES, INC., Third-Party Plaintiff-Appellant, v KISKA CONSTRUCTION CORPORATION-U.S.A, Third-Party Defendant-Respondent. [900 NYS2d 10]—

Orders, Supreme Court, New York County (Carol R. Edmead, J.), entered January 20, 2009, which, insofar as appealed from, granted plaintiff's motion for summary judgment on the issue of liability under Labor Law § 240 (1) as against defendants City of New York and New York City Department of Transportation (the city defendants), denied the city defendants' motion for summary judgment dismissing the Labor Law § 241 (6) claim predicated upon 12 NYCRR 23-1.7 (c) as against them, granted the motion of defendant Parsons Brinckerhoff Construction Services (PBCS) for summary judgment dismissing the Labor Law § 240 (1) and § 241 (6) claims as against it, denied the city defendants' and PBCS's motions for summary judgment dismissing the Labor Law § 200 and common-law negligence claims as against them, denied the city defendants' cross motion for summary judgment on their claims for indemnification against PBCS, denied the city defendants' cross motion to strike the complaint based upon plaintiff's spoliation of evidence, and granted third-party defendant Kiska Construction Corporation's motion for summary judgment dismissing the third-party complaint, unanimously modified, on the law, to grant the city defendants' and PBCS's motions for summary judgment dismissing the Labor Law § 200 and common-law negligence claims as against them and to grant PBCS's motion for summary judgment dismissing the city defendants' cross claims for indemnification against it, and otherwise affirmed, without costs.

Plaintiff's decedent, a dock builder employed by Kiska, was standing on the fender system at the base of the Third Avenue Bridge handling an air hose used to supply power to pneumatic

dock building tools when he lost his footing, fell backward into the river 10 feet below, and drowned.

Plaintiff demonstrated that the city defendants' failure to provide adequate safety devices against an elevation-related hazard, as required under Labor Law § 240 (1), was a contributing cause of the decedent's injuries and therefore that the decedent was not the sole proximate cause of his injuries (*see Clarke v Morgan Contr. Corp.*, 60 AD3d 523, 523 [2009]; *Miglionico v Bovis Lend Lease, Inc.*, 47 AD3d 561, 564 [2008]). The city defendants failed to raise an inference that the life vest that had been provided to the decedent was an adequate safety device and that the decedent's alleged decision not to wear it was the sole proximate cause of his injuries.

Contrary to the city defendants' argument, the fender system from which the decedent fell was a "work location" within the meaning of 12 NYCRR 23-1.7 (c), given the evidence that workers, including the decedent, performed work duties on it, and the record presents issues of fact whether there was a continuously patrolling boat at the accident site and whether the absence of such a boat was a factor in the drowning death.

The record demonstrates that PBCS lacked sufficient supervisory control over the work of Kiska's employees to be held a statutory agent of the city defendants for purposes of liability under the Labor Law (*see Kagan v BFP One Liberty Plaza*, 62 AD3d 531, 531-532 [2009], *lv denied* 13 NY3d 713 [2009]; *Smith v McClier Corp.*, 22 AD3d 369, 371 [2005]; *Vaneer v 993 Intervale Ave. Hous. Dev. Fund Corp.*, 5 AD3d 161, 162-163 [2004]).

There is no support in the record for plaintiff's contention that the decedent's accident resulted from a dangerous or defective condition of the workplace, rather than from "the means and methods of [the decedent's] work" (*Masullo v 1199 Hous. Corp.*, 63 AD3d 430, 433 [2009]), i.e., the absence of safety devices to prevent a fall. Since neither the city defendants nor PBCS possessed the requisite supervisory control to be held liable under Labor Law § 200 or in common-law negligence for an accident resulting from the means and methods of the work, the Labor Law § 200 and common-law negligence claims should have been dismissed (*see id.*; *Arrasti v HRH Constr. LLC*, 60 AD3d 582 [2009]).

As plaintiff cannot sustain any causes of action against PBCS, the city defendants' cross claims for indemnification against PBCS should have been dismissed.

We have considered the city defendants' and PBCS's remaining contentions and find them unavailing. Concur—Tom, J.P., Mazzarelli, Nardelli, Acosta and Renwick, JJ. **[Prior Case History: 2009 NY Slip Op 30207(U).]**