■ ANDRZEJ ROMANCZUK, Respondent, v METROPOLITAN INSURANCE AND ANNUITY COMPANY et al., Appellants, et al., Defendants. (And Other Actions.) [899 NYS2d 228]—

Order, Supreme Court, New York County (Marylin G. Diamond, J.), entered March 23, 2009, which, insofar as appealed from as limited by the briefs, granted plaintiff's motion for partial summary judgment on the issue of defendants-appellants' liability under Labor Law § 240 (1), unanimously affirmed, without costs.

The record demonstrates that the failure of appellants to properly construct and secure the scaffolding, and the failure to provide adequate safety devices was a proximate cause of plaintiff's injury. Appellants' argument that plaintiff and his foreman's conflicting versions of the accident preclude summary judgment on the issue of liability under section 240 (1) is unavailing where, as here, the statute was violated under either version of the accident (*see Ernish v City of New York*, 2 AD3d 256, 257 [2003]; *John v Baharestani*, 281 AD2d 114, 117 [2001]).

The motion court also correctly determined that the plaintiff's own alleged negligence was not the sole proximate cause of his accident, since it is undisputed that plaintiff was using the device he had been provided with in order to access the bulkhead located on the building's roof; that there were insufficient planks on the scaffold for plaintiff to stand on; and that no

other safety devices were provided to prevent or protect plaintiff from a possible fall (*see Ben Gui Zhu v Great Riv. Holding, LLC*, 16 AD3d 185 [2005]). Plaintiff's conduct, at most, constituted comparative negligence, which is not a defense under Labor Law § 240 (1) (*see Picano v Rockefeller Ctr. N., Inc.*, 68 AD3d 425 [2009]; *Aponte v City of New York*, 55 AD3d 485 [2008]). Concur—Tom, J.P., Mazzarelli, Andrias, Saxe and DeGrasse, JJ.