■ MARIO ABURTO, Appellant, v CITY OF NEW YORK et al., Respondents. [942 NYS2d 514]—

Order, Supreme Court, New York County (Debra A. James, J.), entered June 27, 2011, which, insofar as appealed from as limited by the briefs, denied plaintiff's motion for partial summary judgment on the issue of liability on his Labor Law § 240 (1) claim, unanimously reversed, on the law, without costs, and the motion granted.

Plaintiff made a prima facie showing that defendants violated Labor Law § 240 (1) and that the violation proximately caused his injuries (*see Blake v Neighborhood Hous. Servs. of N.Y. City,* 1 NY3d 280, 286 [2003]; *Williams v 520 Madison Partnership,* 38 AD3d 464, 464-465 [2007]). Indeed, plaintiff's 50-h testimony and his coworker's affidavit showed that a scaffold suddenly collapsed under him while he was attempting to dismantle it at his foreman's instructions. There were no harnesses, lanyards, safety lines, or similar safety devices available for use to prevent his fall (*see Romanczuk v Metropolitan Ins. & Annuity Co.,* 72 AD3d 592, 592-593 [2010]; *Pritchard v Murray Walter, Inc.,* 157 AD2d 1012, 1013 [1990]).

In opposition, defendants failed to raise a triable issue of fact. Defendants submitted an affidavit from a superintendent for plaintiff's employer who averred that he saw plaintiff "violently and forcefully shaking" one of the rails of the scaffold when dismantling it, and that such conduct caused the scaffold's side frame to give way, permitting the platform to fall through the frame. The superintendent also stated that the scaffold was equipped with toe boards and railings. The record reveals that although such safety devices could prevent workers from falling off the edge of a scaffold, they are insufficient to prevent workers from falling through a collapsing scaffold. Further, where, as here, it has been shown that inadequate devices proximately caused plaintiff's injuries, any negligence on plaintiff's part does not preclude partial summary judgment in his favor (*see*

*Blake*, 1 NY3d at 286; *Romanczuk*, 72 AD3d at 592-593; *Torres v Monroe Coll.*, 12 AD3d 261, 262 [2004]).

We also find that plaintiff's motion is not premature. Defendants have not shown, or even argued, that other facts essential to justify opposition to the motion might exist but could not be stated without additional discovery (*see* CPLR 3212 [f]; *Matter of East 51st St. Crane Collapse Litig.*, 89 AD3d 426, 428 [2011]; *Trainer v City of New York*, 41 AD3d 202 [2007]).

We have reviewed plaintiff's remaining contentions and find them unpreserved or unavailing. Concur—Tom, J.P., Friedman, Catterson, Acosta and Freedman, JJ. **[Prior Case History: 2011 NY Slip Op 31735(U).]**