Order, Supreme Court, New York County (Judith J. Gische, J.), entered September 15, 2011, which, insofar as appealed from as limited by the briefs, granted plaintiff’s motion for summary judgment on the issue of liability under Labor Law § 240 (1), unanimously affirmed, without costs.
In evaluating a claim under Labor Law § 240 (1), “the single decisive question is whether plaintiffs injuries were the direct consequence of a failure to provide adequate protection against a risk arising from a physically significant elevation differential” (Runner v New York Stock Exch., Inc., 13 NY3d 599, 603 [2009]). “It is well settled that failure to properly secure a ladder to insure that it remains steady and erect while being used, constitutes a violation of Labor Law § 240 (1)” (Schultze v 585 W. 214th St. Owners Corp., 228 AD2d 381, 381 [1st Dept 1996]). Plaintiff’s testimony that the ladder he was using was both unsteady as he was ascending it and too short to enable him to reach the window he was cleaning establishes prima facie that defendants failed to provide him with an adequate safety device under Labor Law § 240 (1) and that their failure proximately caused his injuries (see Orellano v 29 E. 37th St. Realty Corp., 292 AD2d 289, 291 [1st Dept 2002]).
To rebut plaintiffs prima facie case, defendants assert that plaintiff was negligent because he was on top of the ladder. However, because plaintiff has established that no adequate safety device was provided, his own “[n]egligence, if any, ... is of no consequence” (id., quoting Rocovich v Consolidated Edison Co., 78 NY2d 509, 513 [1991]; see also Romanczuk v Metropolitan Ins. & Annuity Co., 72 AD3d 592, 593 [1st Dept 2010] [holding that where plaintiffs negligence is, at most, only a concurrent cause of the accident, it is not a defense to liability under Labor Law § 240 and will not defeat plaintiffs motion]). Thus, plaintiffs case is distinguishable from those cases in which an adequate ladder was provided and there are issues of fact as to whether the accident occurred solely because of the plaintiffs loss of balance while using the ladder (see Ellerbe v Port Auth. *505 of N.Y. & N.J., 91 AD3d 441, 442 [1st Dept 2012] [“Defendants would not be subject to statutory liability if plaintiff simply lost his footing while climbing a properly secured, non-defective extension ladder that did not malfunction”]; Buckley v J.A. Jones/GMO, 38 AD3d 461, 462 [1st Dept 2007]). In any event, since plaintiff’s use of the ladder was consistent with his employer’s instructions, any negligence on his part cannot be deemed to be the sole proximate cause (see Harris v City of New York, 83 AD3d 104, 110-111 [1st Dept 2011]; Romanczuk, 72 AD3d at 592-593). Concur—Gonzalez, P.J., Acosta, Moskowitz, Freedman and Abdus-Salaam, JJ. [Prior Case History: 2011 NY Slip Op 32465(U).]