■ JUAN V. FERNANDEZ, Appellant, v BBD DEVELOPERS, LLC, et al., Respondents. [960 NYS2d 380]—

Order, Supreme Court, Bronx County (John A. Barone, J.), entered October 20, 2011, which denied plaintiff's motion for summary judgment on the issue of liability on his Labor Law § 240 (1) claim, unanimously reversed, on the law, without costs, and the motion granted.

Plaintiff, an employee of subcontractor Casino Development, was performing demolition work on the top floor of a construction site located at 236 East 17th Street in Manhattan. The roof of the building was already off and plaintiff was directed by his supervisor to remove 500-pound steel beams, approximately 10

feet long, by cutting them with a torch and letting them drop down to the floor level below.

Plaintiff, who had to stand on a narrow exterior wall to perform the work, was given a safety belt and rope. His supervisor helped him fasten the rope to the safety belt, and directed him to tie it to one of the beams that was not being removed. No one measured the rope to ensure it was shorter than the distance to the ground. When plaintiff and a coworker pushed down a beam that was being cut, it somehow hit the security rope and plaintiff was pulled backwards off the exterior wall onto the concrete floor approximately 14 feet below.

To establish a cause of action under Labor Law § 240 (1), a plaintiff must "show that the statute was violated and that the violation proximately caused his injury" (*Cahill v Triborough Bridge & Tunnel Auth.*, 4 NY3d 35, 39 [2004]; *see also Abbatiello v Lancaster Studio Assoc.*, 3 NY3d 46, 50 [2004]). Liability is contingent upon the existence of a hazard contemplated in section 240 (1) and a failure to provide, or the inadequacy of, a safety device of the kind enumerated in the statute (*see Narducci v Manhasset Bay Assoc.*, 96 NY2d 259 [2001]). The injured worker's contributory negligence is not a defense (*see Bland v Manocherian*, 66 NY2d 452 [1985]; *Ernish v City of New York*, 2 AD3d 256, 257 [1st Dept 2003]). However, if adequate safety devices are provided and the worker either chooses for no good reason not to use them, or misuses them, the plaintiff will be deemed the sole proximate cause of his injuries, and liability will not attach under section 240 (1) (*see Robinson v East Med. Ctr., LP*, 6 NY3d 550, 554 [2006]).

Plaintiff met his initial burden on the motion with evidence that he fell through the open roof while in the course of demolishing the building and that the safety device he was given—a safety belt with a rope which may have been as long as 30 feet—failed to prevent his fall (*see generally Blake v Neighborhood Hous. Servs. of N.Y. City*, 1 NY3d 280, 289 [2003]; *Collado v City of New York*, 72 AD3d 458 [1st Dept 2010]; *Williams v 520 Madison Partnership*, 38 AD3d 464 [1st Dept 2007]; *Kyle v City of New York*, 268 AD2d 192 [1st Dept 2000], *lv denied* 97 NY2d 608 [2002]).

Defendants argue that the safety belt and rope were not defective and provided adequate protection, and that plaintiff's failure to tie the rope to a length that would have prevented him from hitting the floor below was the sole proximate cause of his injuries. However, a plaintiff cannot be the sole proximate cause of his or her injuries where uncontroverted evidence shows that the plaintiff followed his or her supervisor's instructions and

did not, on his or her own initiative, take a foolhardy risk which resulted in injury (*see Harris v City of New York*, 83 AD3d 104 [1st Dept 2011]). Here, plaintiff did not unilaterally elect to use a rope that was too long to protect him. His supervisor directed him to use the rope, and helped fasten it to plaintiff's safety belt (*see Romanczuk v Metropolitan Ins. & Annuity Co.*, 72 AD3d 592 [1st Dept 2010]). The supervisor instructed plaintiff to tie the rope to a beam that was not being cut and defendants have not presented evidence demonstrating that plaintiff was instructed to measure or shorten the rope when he did so. Nor did defendant refute plaintiff's testimony that he had worked for Casino for only three months and had not been provided with instruction on how to use a safety belt and rope. Furthermore, plaintiff fell through an unprotected opening and was not provided with other safety devices which would have prevented his fall. Nor was he provided with any hoisting equipment or any type of chain to prevent the beams he was cutting from swinging, dropping or hitting his safety rope.

Given these circumstances, defendants have not shown that plaintiff, through intentional misuse or other egregious misconduct, neutralized the adequate protections afforded him or that plaintiff was the sole proximate cause of the accident (*see Cahill v Triborough Bridge & Tunnel Auth.*, 4 NY3d at 39; *Allen v New York City Tr. Auth.*, 35 AD3d 231 [1st Dept 2006]). Any negligence on plaintiff's part in the use of the safety rope would amount, at most, to contributory negligence (*see Hernandez v 151 Sullivan Tenant Corp.*, 307 AD2d 207, 207-208 [1st Dept 2003]; *Gizowski v State of New York*, 66 AD3d 1348, 1349 [4th Dept 2009]). Concur—Mazzarelli, J.P., Andrias, DeGrasse, Richter and Clark, JJ.