■ Luis De Oleo, Respondent, v Charis Christian Ministries, Inc., et al., Appellants. (And a Third-Party Action.) [966 NYS2d 375]—

Order, Supreme Court, Bronx County (Norma Ruiz, J.), entered April 20, 2012, which, to the extent appealed from as limited by the briefs, granted plaintiff's motion for partial summary judgment as to liability on his Labor Law § 240 (1) claim, unanimously affirmed, without costs.

Plaintiff laborer's lone witness account, given at his deposition, regarding how he fell from the roof of a church owned

and/or occupied by defendants while painting a protective sealant on the roof, was consistent and sufficient to establish his prima facie entitlement to partial summary judgment on his section 240 (1) claim (*see Rodriguez v 3251 Third Ave. LLC*, 80 AD3d 434 [1st Dept 2011]; *Perrone v Tishman Speyer Props., L.P.*, 13 AD3d 146 [1st Dept 2004]).

Defendants failed to raise an issue of fact as to plaintiff's version of events, or as to his credibility. Plaintiff's testimony that he was employed by the roof contractor as a "helper," and that he was paid $80 daily for his labor, was sufficient to qualify him for the protections of section 240 (1) (*see generally Alarcon v UCAN White Plains Hous. Dev. Fund Corp.*, 100 AD3d 431 [1st Dept 2012]). Defendants' counsel's unsubstantiated opinion that it would be "practically impossible" for one to fall from the roof, since parapets and/or walls (shown in two photographs) would have stopped the fall, is wholly lacking in probative value (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). The two photographs were not authenticated, they depicted only small sections of the roof, there were portions of the roof's edge that lacked a protective barrier, and no testimony was elicited from plaintiff as to the location on the roof he had fallen from (*see Vasquez v The Rector*, 40 AD3d 265, 266-267 [1st Dept 2007]). Further, defendants' protective barrier argument is entirely speculative and depends on unsubstantiated factual assumptions.

Defendants have not shown that plaintiff was the sole proximate cause of his accident. Although plaintiff testified that he lost his balance at the roof's edge after painting himself into a corner, he also testified that he was not provided with any safety device to prevent his fall, and defendants have not refuted that testimony (*see Fernandez v BBD Developers, LLC*, 103 AD3d 554 [1st Dept 2013]; *Collado v City of New York*, 72 AD3d 458, 459 [1st Dept 2010]).

Nor have defendants shown that the church was akin to a one- to two-family dwelling exempting them from liability under section 240 (1) (*see Lombardi v Stout*, 80 NY2d 290, 296-297 [1992]). Apart from defendants' pastor's contradictory affidavit attesting that the church appeared to be the height of a one-story residence, the balance of the evidence established that the building was only utilized as a church. Moreover, defendants failed to present evidence showing the "residential nature of the site and purpose of the [roof] work" (*Castro v Mamaes*, 51 AD3d 522, 523 [1st Dept 2008] [internal quotation marks omitted]; *see Bartoo v Buell*, 87 NY2d 362, 368 [1996]; *cf. Muniz v Church of Our Lady of Mt. Carmel*, 238 AD2d 101, 102-103 [1st Dept 1997], *lv denied* 90 NY2d 804 [1997]).

We have considered defendants' remaining contentions and find them unavailing. Concur—Mazzarelli, J.P., Saxe, Moskowitz and Manzanet-Daniels, JJ.