◼ LEROY HUMPHREY, Appellant-Respondent, v PARK VIEW FIFTH AVE. ASSOCIATES LLC et al., Respondents-Appellants. [979 NYS2d 317]—

Plaintiff established entitlement to judgment as a matter of

law on the issue of liability on his Labor Law § 240 (1) claim. Plaintiff testified that he was injured when an aluminum beam fell from above him, struck the 18-foot long wooden stringer that he was carrying on his shoulder, and knocked him to the ground (*see Agresti v Silverstein Props., Inc.*, 104 AD3d 409 [1st Dept 2013]). The fact that plaintiff did not see the beam hit the stringer or know where the beam fell from does not preclude partial summary judgment in his favor, as the testimony demonstrates that the beam came from somewhere above plaintiff and was a proximate cause of his injuries (*see Mercado v Caithness Long Is. LLC*, 104 AD3d 576, 577 [1st Dept 2013]). That plaintiff was the sole witness to the accident also does not bar summary judgment in his favor (*see De Oleo v Charis Christian Ministries, Inc.*, 106 AD3d 521 [1st Dept 2013]). Furthermore, regardless of how high the beam was above plaintiff when it fell, the height differential was not de minimis, given the amount of force the aluminum beam was able to generate during its descent (*see Wilinski v 334 E. 92nd Hous. Dev. Fund Corp.*, 18 NY3d 1, 10 [2011]).

Defendants are not entitled to dismissal of the common-law negligence and Labor Law § 200 claims. Because the accident arose out of the manner of the work of plaintiff's employer (Pinnacle), as opposed to a defect on the premises, the relevant inquiry is whether defendants had supervisory authority over plaintiff's work (*see Roppolo v Mitsubishi Motor Sales of Am.*, 278 AD2d 149, 150 [1st Dept 2000]). The record shows that an employee of defendant construction manager testified that he would walk around with Pinnacle employees "and ma[d]e sure that they're doing what they're supposed to" after he became the site safety manager, and that he would "mention it" when he saw something wrong with Pinnacle's work while he was still working in the first-aid office. Such testimony raises a triable issue of fact as to whether the construction manager supervised or controlled plaintiff's work. Moreover, defendants did not submit any proof showing that defendant property owner did not have any such supervisory authority. Concur— Acosta, J.P., Saxe, Moskowitz and Feinman, JJ.