■ RUBEN JIMENEZ, Appellant, v METROPOLITAN TRANSPORTATION AUTHORITY et al., Respondents, et al., Defendants. [3 NYS3d 1]—

Order, Supreme Court, New York County (Michael D. Stallman, J.), entered July 2, 2013, which denied plaintiff's motion for summary judgment on the issue of liability on his Labor

Law §§ 240 (1) and 241 (6) claims without prejudice to renew after discovery is completed, unanimously modified, on the law, to grant plaintiff's motion as to liability on his Labor Law § 240 (1) claim, and otherwise affirmed, without costs.

Plaintiff testified at his 50-h hearing that while working as a driller in a shaft at the 50th Street ventilation facility for the Long Island Railroad extension construction project, a "rock anchor" weighing approximately 500 pounds, fell about 10 feet off the four-foot ledge surrounding the perimeter of the shaft and struck him. When he regained consciousness, he was on the ground, his hard hat was off and he saw a coil of rock anchor strand swinging from the ledge. A coworker stated in an affidavit submitted in support of plaintiff's motion that he saw the rock anchor hanging down in the area where plaintiff had been drilling, that the rock anchor was hanging from a ledge along the south wall, dangling from a rope, and that it fell approximately seven to eight feet from its position on the ledge before striking plaintiff. Moreover, the Injury Report Form, prepared by defendant MTA Capital Construction, stated that "[w]hile drilling . . . , [employee] was struck by a 'stranded anchor' length that was not secured properly. It was disturbed by a passing [employee]. A section of the anchor slipped off the south ledge, striking Mr. Jimenez' hard hat and knocking his hat and him to the ground." Under the "Investigation Information" section of the form, the site safety company retained by defendants indicated that the "root cause" of plaintiff's accident was "IN proper [sic] staging of material and equipment."

Based on the testimony and affidavits submitted by plaintiff, and the incident reports exchanged by defendants during discovery, plaintiff, a protected worker engaged in a protected activity, namely demolition and excavation work, made out his prima facie case that he was struck by a falling object that should have been secured, that this violation was a proximate cause of his injuries, and thus that he is entitled to summary judgment on liability as to his 240 (1) claim (*see Runner v New York Stock Exch., Inc.*, 13 NY3d 599, 604 [2009]).

Defendants did not make a showing that the motion should be denied as premature or that any other facts essential to justify a denial of the motion might exist but required additional discovery (*see Aburto v City of New York*, 94 AD3d 640 [1st Dept 2012]). Nor have defendants pointed to any testimony which supports their conclusory claim that plaintiff's conduct was the "sole proximate cause" of his accident.

We thus need not address plaintiff's claims under Labor Law § 241 (6). Concur—Tom, J.P., Renwick, Andrias, DeGrasse and Kapnick, JJ.