Gaston v Trustees of Columbia Univ. in the City of N.Y. (2021 NY Slip Op 00254)





Gaston v Trustees of Columbia Univ. in the City of N.Y.


2021 NY Slip Op 00254


Decided on January 19, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 19, 2021

Before: Gische, J.P., Oing, Moulton, Mendez, JJ. 


Index No. 154124/14 Appeal No. 12908 Case No. 2019-5096 

[*1]Wilton Gaston, Plaintiff-Appellant-Respondent,
v
The Trustees of Columbia University in the City Of New York et al., Defendants-Respondents-Appellants.


Pontisakos & Brandman, PC, Garden City (Elizabeth Mark Meyerson of counsel), for appellant-respondent.
Cullen and Dykman LLP, New York (Diana Neyman of counsel), for respondents-appellants.



Order, Supreme Court, New York (Barbara Jaffe, J.), entered April 24, 2019, which granted defendants' motion for summary judgment to the extent of dismissing plaintiff's claims pursuant to Labor Law § 240(1) and § 241(6) and dismissing so much of the Labor Law § 200 and common-law negligence claims as premised upon the shape of the boiler and the heat in the accident location, unanimously modified, on the law, to reinstate plaintiff's Labor Law § 240(1) and § 241(6) based on Industrial Code § 23-1.7(f) claims, and to dismiss his Labor Law § 200 and negligence claims in their entirety, and otherwise affirmed, without costs.
Labor Law §§ 240(1) and 241(6) do not cover workers engaged in routine maintenance (see Esposito v New York City Indus. Dev. Agency, 1 NY3d 526, 528 [2003]). The determination of whether a worker was engaged in a covered activity is not made at the moment of injury, but in the context of the entire project (see Prats v Port Auth. Of N.Y. & N.J., 100 NY2d 878 [2003]). While plaintiff here was engaged in replacing a boiler steam valve, an activity some courts have deemed routine maintenance (see Wein v Amato Props., LLC, 30 AD3d 506 [2d Dept 2006]; Goad v Southern Elec. Intl., 304 AD2d 887 [3d Dept 2003]), it was part of a larger project that included removing portions of the boilers via blowtorches and installation of new components by welding, thus raising an issue of fact whether it falls within covered activity (see Saint v Syracuse Supply Co., 25 NY3d 117 [2015]; Rivera v Ambassador Fuel & Oil Burner Corp., 45 AD3d 275 [1st Dept 2007]; Dunn v Consolidated Edison Co. of N. Y., 272 AD2d 129 [1st Dept 2000]). Defendants' alternative argument, that plaintiff was the sole proximate cause of the accident is unavailing. Defendants failed to adduce any evidence that devices adequate to the task of working atop the boiler safely were available and that plaintiff refused to use them or use them properly (see Rocovich v Consolidated Edison Co., 78 NY2d 509, 513-514 [1991]; see also Cuentas v Sephora USA, Inc., 102 AD3d 504 [1st Dept 2013]; Romanczuk v Metropolitan Ins. & Annuity Co., 72 AD3d 592, 593 [1st Dept 2010]).
Plaintiff's accident arose from the means and methods of the work, not a defective condition (see Ferguson v Durst Pyramid, LLC, 178 AD3d 634 [1st Dept 2019]; Collado v City of New York, 72 AD3d 458 [1st Dept 2010]), and the record is clear that defendants neither supervised nor controlled the work being performed by plaintiff and his coworkers at the time of the accident. Thus, this Court, upon a search
of the record, dismisses plaintiff's Labor Law § 200 and common-law claims (see e.g. Ruggiero v Cardella Trucking Co., 16 AD3d 342 [1st Dept 2005]); Canning v Barney's N. Y., 289 AD2d 32 [1st Dept 2001]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 19, 2021