Singh v City of New York (2021 NY Slip Op 01017)





Singh v City of New York


2021 NY Slip Op 01017


Decided on February 16, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 16, 2021

Before: Gische, J.P., Moulton, González, Scarpulla, JJ. 


Index No. 154907/16 Appeal No. 13129 Case No. 2020-02764 

[*1]Karnail Singh, Plaintiff-Respondent,
v
The City of New York, Defendant, The New York City Housing Authority et al., Defendants-Appellants. [And other Third-Party Actions]


Salter & Ingrao, P.C., Mineola (Terrance J. Ingrao of counsel), for The New York City Housing Authority, appellant.
Bartlett LLP, Garden City (David C. Zegarelli of counsel) for AFG Group Inc., and AFG Construction Management, appellants.
Munawar & Hashmat, LLP, New York (Casey Fundaro of counsel), for respondent.



Order, Supreme Court, New York County (Alan C. Marin, J.), entered on or about September 17, 2019, which granted plaintiff's motion for partial summary judgment on his Labor Law § 240(1) claim as against defendant New York City Housing Authority (NYCHA), unanimously affirmed, without costs.
Plaintiff established prima facie that a violation of Labor Law § 240(1) by NYCHA was the proximate cause of the injuries he sustained when a portion of the sidewalk bridge on which he was standing while dismantling the scaffold collapsed (see Mora v Wythe & Kent Realty LLC, 171 AD3d 426 [1st Dept 2019]; Aburto v City of New York, 94 AD3d 640 [1st Dept 2012]; Kyle v City of New York, 268 AD2d 192, 197-198 [1st Dept 2000], lv denied 97 NY2d 608 [2002]). Plaintiff submitted the transcript of his General Municipal Law § 50-h hearing conducted by NYCHA and the Workers' Compensation Board C-2 form, Employer's Report of Work-Related Injury/Illness, signed by his supervisor (see Aburto, 94 AD3d at 640; Jimenez v Metropolitan Transp. Auth., 124 AD3d 507 [1st Dept 2015]; compare Taylor v One Bryant Park, LLC, 94 AD3d 415 [1st Dept 2012] [the defendants failed to rebut the plaintiff's prima facie showing by submitting C-2 report, because report was not signed or authenticated, and it was not clear from the record who created it or where the information came from]).
Defendants failed to raise an issue of fact as to whether plaintiff was the sole proximate cause of his injuries. Plaintiff testified that he was not wearing his safety harness because the lifeline, which he had used while working on the scaffold that he and his coworkers had dismantled, could not be used while working on the sidewalk bridge. Defendants neither submitted evidence nor identified discovery that would lead to evidence that the lifeline was still available and that it was possible to wear it on the sidewalk bridge while engaged in the work that plaintiff was performing. Defendants' argument that plaintiff's testimony was internally inconsistent is academic, as NYCHA would be liable under Labor Law § 240(1) for any version of the accident based on any of the purported inconsistencies (see Romanczuk v Metropolitan Ins. & Annuity Co., 72 AD3d 592 [1st Dept 2010]). Nor was plaintiff's motion premature (see Jimenez, 124 AD3d at 508; Aburto, 94 AD3d at 641).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 16, 2021