Hernandez v 767 Fifth Partners, LLC (2021 NY Slip Op 03378)





Hernandez v 767 Fifth Partners, LLC


2021 NY Slip Op 03378


Decided on May 27, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 27, 2021

Before: Kapnick, J.P., Mazzarelli, Moulton, Mendez, JJ. 


Index No. 104645/11 90360/12 Appeal No. 13926 Case No. 2019-04356 

[*1]Tommy Hernandez, Plaintiff-Respondent,
v
767 Fifth Partners, LLC, et al, Defendants-Respondents.
767 Fifth Partners, LLC, et al., Third-Party Plaintiffs-Respondents,
v
J.P. Phillips, Inc., Third-Party Defendant-Appellant. 
Plaza Construction LLC Formerly Known as Plaza Construction Corp., Second Third-Party Plaintiff-Respondent,
v
J.P. Phillips, Inc., Second Third-Party Defendant-Appellant.


Hardin Kundla McKeon & Poletto P.A., New York (Wayne A. Williams of counsel), for appellant.



Order, Supreme Court, New York County (Debra A. James, J.), entered August 6, 2019, which, to the extent appealed from, granted plaintiff's motion for partial summary judgment on his Labor Law § 240(1) claim, unanimously affirmed, without costs.
Plaintiff established prima facie entitlement to partial summary judgment by his testimony that he was injured when the plywood platform of a baker's scaffold upon which he was standing to install window soffits suddenly collapsed beneath him as he reached overhead to drill a screw into a stud (see Kind v 1177 Ave. of the Ams. Acquisitions, LLC, 168 AD3d 408 [1st Dept 2019]).
Third-party defendant/second third-party defendant J.P. Phillips, Inc. (Phillips), plaintiff's employer, failed to raise a triable issue that plaintiff was the sole proximate cause of his accident. Phillips did not submit proof establishing that the scaffold was an adequate safety device for the work plaintiff was performing at the time of his accident (see Auriemma v Biltmore Theatre, LLC, 82 AD3d 1, 10 [1st Dept 2011]). That plaintiff might have been comparatively negligent by allegedly failing to abide by safety instructions, including self-inspecting the scaffold prior to its use, and by attempting to move the scaffold to a different location while standing atop it, does not preclude partial
summary judgment in this instance, particularly since Phillips's foreman knew its workers would move scaffolds in that manner (see Hoffman v SJP TS, LLC, 111 AD3d 467 [1st Dept 2013]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 27, 2021