Gomez v Trinity Ctr. LLC (2021 NY Slip Op 03810)





Gomez v Trinity Ctr. LLC


2021 NY Slip Op 03810


Decided on June 15, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 15, 2021

Before: Renwick, J.P., Kern, Singh, Moulton, JJ. 


Index No. 301606/16 Appeal No. 14063 Case No. 2020-02652 

[*1]Jose G. Gomez, Plaintiff-Respondent,
v
Trinity Centre LLC, Defendant-Appellant, Capital Properties NY LLC, Defendant.


Cartafalsa, Turpin & Lenoff, New York (Louis A. Carotenuto of counsel), for appellant.
Gorayeb & Associates, New York (Jonathan D. Moran of counsel), for respondent.



Order, Supreme Court, Bronx County (Lucindo Suarez, J.), entered on or about January 30, 2020, which, to the extent appealed from, granted plaintiff's motion for partial summary judgment on his Labor Law § 240(1) claim and denied defendant Trinity Centre LLC's cross motion for summary judgment dismissing the claim, unanimously affirmed, without costs.
Plaintiff, a construction worker who fell between 16 and 24 feet to the ground when the corrugated metal flooring of the sidewalk bridge on which he was standing while dismantling the bridge bent downward, established prima facie a violation of Labor Law § 240(1) and that the violation was a proximate cause of his injuries (see Aburto v City of New York, 94 AD3d 640 [1st Dept 2012]; Barraco v First Lenox Terrace Assoc., 25 AD3d 427 [1st Dept 2006]; Jablonski v Everest Constr. & Trade Corp., 264 AD2d 381 [2d Dept 1999]). Defendant failed to raise an issue of fact as to its contention that plaintiff was the sole proximate cause of his accident. Its expert opinion was vague and made no reference to evidence in the record (see Miglionico v Bovis Lend Lease, Inc., 47 AD3d 561, 564-565 [1st Dept 2008]; Cordeiro v TS Midtown Holdings, LLC, 87 AD3d 904, 905 [1st Dept 2011]; see also Anderson v MSG Holdings, L.P., 146 AD3d 401, 404 [1st Dept 2017], lv dismissed 29 NY3d 1100 [2017]). Plaintiff testified that he was wearing a harness but that the sidewalk bridge did not have a lifeline to which he could attach the safety line, which was seven to nine feet long. The task at hand involved his breaking down the structure's components and carrying them to the end of the sidewalk bridge run, which covered nearly a city block. The expert stated that if plaintiff's movement was limited to nine feet with his lanyard attached to the sidewalk bridge, he could still have performed his job "as described." However, he failed to explain further or indicate where on the bridge a tie-off would have been either practicable or safe, given the maximum range of the harness line. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 15, 2021