Hoxhaj v West 30th HL LLC (2021 NY Slip Op 03811)





Hoxhaj v West 30th HL LLC


2021 NY Slip Op 03811


Decided on June 15, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 15, 2021

Before: Renwick, J.P., Kern, Singh, Moulton, JJ. 


Index No. 31581/17E Appeal No. 14056 Case No. 2020-04163 

[*1]Endrit Hoxhaj, Plaintiff-Appellant,
v
West 30th HL LLC, et al., Defendants-Respondents.


The Dauti Law Firm, P.C., New York (Y. Albert Dauti of counsel), for appellant.
London Fischer LLP, New York (Anthony P. Malecki of counsel), for respondents.



Order, Supreme Court, Bronx County (Lucindo Suarez, J), entered September 23, 2020, which, to the extent appealed from as limited by the briefs, denied plaintiff's motion for partial summary judgment as to liability on his Labor Law § 240(1) cause of action, unanimously reversed, on the law, without costs, and the motion granted.
Plaintiff established prima facie entitlement to summary judgment on the Labor Law § 240(1) claim through his testimony that while installing a cover on a sprinkler in a ceiling, he fell to the ground and sustained injury when the unsecured ladder on which he was standing with one foot on the ladder's top, and the other foot one rung below began to wobble and he lost his equilibrium (see Rivera-Astudillo v Garden of Prayer Church of God in Christ, Inc., 176 AD3d 425, 426 [1st Dept 2019]; Ciborowski v 228 Thompson Realty, LLC, 189 AD3d 428, 429 [1st Dept 2020]).
Defendants' opposition failed to raise a triable issue of fact. There is no testimony or evidence to conflict with plaintiff's testimony that the unsecured ladder began to wobble causing him and the ladder to fall to the ground (see Rom v Eurostruct, Inc., 158 AD3d 570 [1st Dept 2018]). Additionally, there is no requirement that plaintiff identify exactly what caused the ladder to move, or his fall (see Ajche v Park Ave. Plaza Owner, LLC, 171 AD3d 411, 413 [1st Dept 2019]; Orellano v 29 E. 37th St. Realty Corp., 292 AD2d 289, 291 [1st Dept 2002]). While defendants argue that different versions as to why the ladder wobbled preclude summary judgment, under any of the scenarios, plaintiff is entitled to partial summary judgment because he was not supplied with adequate protection under the statute, which was the proximate cause of the accident (see Cashbamba v 1056 Bedford LLC, 168 AD3d 638, 639 [1st Dept 2019]; Lipari v AT Spring, LLC, 92 AD3d 502, 503-504 [1st Dept 2012]).
Given plaintiff's undisputed testimony, any alleged misuse by him constitutes at most comparative negligence, which is not a defense to a Labor Law § 240(1) claim (see Cuentas v Sephora USA, Inc., 102 AD3d 504, 504 [1st Dept 2013]; Nieto v CLDN NY LLC, 170 AD3d 431, 432 [1st Dept 2019]). Further, defendants offer no evidence that plaintiff was instructed not to stand on the ladder's top. We note that while defendants' safety manager and expert refer to warning language posted on the ladder, the warnings were in English, which plaintiff testified he was unable to read. The opinion of defendants' expert, who never examined the ladder or the accident site, is unsupported and speculative (see Ciborowski v 228 Thompson Realty, LLC, 189 AD3d at 429).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 15, 2021