Hernandez v 767 Fifth Partners, LLC (2021 NY Slip Op 06323)





Hernandez v 767 Fifth Partners, LLC


2021 NY Slip Op 06323


Decided on November 16, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 16, 2021

Before: Renwick, J.P., González, Kennedy, Scarpulla, Rodriguez, JJ. 


Index No. 104645/11 590360/12 155452/13 Appeal No. 14519 Case No. 2021-00097 

[*1]Tommy Hernandez, Plaintiff-Appellant,
v
767 Fifth Partners, LLC, et al., Defendants. 767 Fifth Partners, LLC, et al., Third-Party Plaintiffs,


Jonathan D'Agostino & Associates, P.C., Staten Island (Glen Devora of counsel), for appellant.
Hardin Kundla McKeon & Poletto, P.A., New York (Stephen J. Donahue of counsel), for J.P. Phillips, Inc., respondent.



Order, Supreme Court, New York County (Debra A. James, J.), entered March 12, 2020, which granted the motion of third-party defendant JP Phillips, Inc. for reargument, and upon reargument, vacated a prior order to the extent it granted plaintiff's motion for partial summary judgment on his Labor Law § 240(1) claim against defendants/third party plaintiffs 767 Fifth Partners, LLC., Boston Properties, Inc., and Plaza Construction Corp., unanimously reversed, on the law, without costs, JP Phillips's motion to reargue denied and plaintiff's motion for partial summary judgment granted, consistent with this Court's order entered May 27, 2021 (Hernandez v 767 Fifth Partners, LLC,194 AD3d 649).
Plaintiff made a prima facie showing of entitlement to partial summary judgment on his Labor Law § 240(1) claim where the platform of the Baker scaffold he was standing upon fell through its frame to the ground (see Gomez v Trinity Ctr. LLC, 195 AD3d 502 [1st Dept 2021]). Conflicting facts as to why the scaffold collapsed are irrelevant because whether the scaffold fell due to a worn platform or an unfixed pin, proper protection was not provided to plaintiff (see Romanczuk v Metropolitan Ins. & Annuity Co., 72 AD3d 592 [1st Dept 2010]).
JP Phillips's claim that plaintiff caused the scaffold to collapse is unsupported by the record. There is no evidence that the scaffold collapsed due to the failure to properly place a pin to secure the platform. The project manager who made the allegation conceded that it was based only on his personal opinion, that he had no facts to support it, and that when he saw the scaffold after the accident it had already been disassembled. Moreover, it is the uncontradicted testimony of plaintiff that he did not erect the scaffold. Assuming plaintiff was moving the scaffold at the time of the accident, there is no evidence that such an action caused an otherwise nondefective platform to collapse, and thus it is no defense to the claim (see Aburto v City of New York, 94 AD3d 640 [1st Dept 2012]; Torres v Monroe Coll., 12 AD3d 261, 262 [1st Dept 2004]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 16, 2021