Arias v 139 E. 56th St. Landlord, LLC (2023 NY Slip Op 00261)

Arias v 139 E. 56th St. Landlord, LLC

2023 NY Slip Op 00261

Decided on January 24, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 24, 2023

Before: Kern, J.P., Oing, Gesmer, Scarpulla, Rodriguez, JJ. 

Index No. 162213/18 Appeal No. 17143 Case No. 2022-04132 

[*1]William Arias, Plaintiff-Appellant,
v
139 East 56th Street Landlord, LLC, et al., Defendants-Respondents.

Alexander J. Wulwick, New York, for appellant.
Wilson Elser Moskowitz Edelman & Dicker LLP, New York (Patrick J. Lawless of counsel), for respondents.

Order, Supreme Court, New York County (Lyle E. Frank, J.), entered on or about August 3, 2022, which, to the extent appealed from as limited by the briefs, denied plaintiff's motion for partial summary judgment on Labor Law § 240(1) liability, unanimously reversed, on the law, without costs, and the motion granted.
Plaintiff was cutting wooden beams with a chainsaw on the roof during the demolition of a building when the chainsaw got stuck, causing him to fall 10-to-15 feet below. According to plaintiff, his safety harness and retractable lanyard, which were tied off to an adjacent wooden beam, caught him and prevented him from hitting the floor below. As he fell, plaintiff hit his head on a wooden beam. Plaintiff also suffered injuries to his right shoulder and back from the harness and lanyard catching him. Defendant 139 East 56th Street Landlord, LLC owned the building and defendant Hunter Roberts Construction Group, LLC was the general contractor, who subcontracted with nonparty Titan Industrial Services Corp., plaintiff's employer, for demolition work.
Plaintiff was entitled to partial summary judgment on the Labor Law § 240(1) claim. The record establishes that the safety devices "proved inadequate to shield the injured worker from harm directly flowing from the application of the force of gravity" (Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 501 [1993]). The fact that plaintiff sustained injuries to his right shoulder and back when his body was caused to be pulled back up abruptly by his safety harness and lanyard demonstrates lack of adequate protection (see Stigall v State of New York, 189 AD3d 469, 470 [1st Dept 2020]; Kyle v City of New York, 268 AD2d 192, 197-198 [1st Dept 2000], lv denied 97 NY2d 608 [2002]). Defendants' contention that a triable issue of fact exists as to whether plaintiff hit the floor below is unavailing, where, as here, the statute was violated under either version of the accident (see Romanczuk v Metropolitan Ins. & Annuity Co., 72 AD3d 592, 592 [1st Dept 2010]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 24, 2023