Guaraca v West 25th St. Hous. Dev. Fund Corp. (2024 NY Slip Op 02146)

Guaraca v West 25th St. Hous. Dev. Fund Corp.

2024 NY Slip Op 02146

Decided on April 23, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 23, 2024

Before: Oing, J.P., Moulton, Mendez, Shulman, Pitt-Burke, JJ. 

Index No. 24945/17, 43004/18 Appeal No. 2105 Case No. 2023-02496 

[*1]Segundo Juan Guaraca, Plaintiff-Respondent,
v
West 25th Street Housing Development Fund Corporation, et al., Defendants-Appellants, The Landing Road Condominium, Defendant.
The J. Pilla Group Ltd. et al., Third-Party Plaintiffs-Appellants,
v
Mourne Construction, LLC, Third-Party Defendant-Appellant.

Gallo Vitucci & Klar LLP, New York (Nicholas Vevante of counsel), for West 25th Street Housing Development Fund Corporation, BRC Landing Road I Housing Development Fund Corporation and BRC Landing Road II LP, appellants.
Goetz Schenker Blee & Wiederhorn, LLP, New York (Kelsey R. Miller of counsel), for Mourne Construction, LLC, appellant.
Ahmuty, Demers & McManus, New York (Frank J. Wenick of counsel), for The J. Pilla Group Ltd. and The Pilla Group Ltd., appellants.
Chirico Law PLLC, Brooklyn (Vincent Chirico of counsel), for respondent.

Order, Supreme Court, Bronx County (Lucindo Suarez, J.), entered May 12, 2023, which, to the extent appealed from as limited by the briefs, granted plaintiff's motion for partial summary judgment on the issue of liability on the Labor Law §§ 240 (1) and 241 (6) claims against defendants West 25th Street Housing Development Fund Corporation, BRC Landing Road I Housing Development Fund Corporation, BRC Landing Road II LP and defendant/third-party plaintiff The J. Pilla Group Ltd. (collectively, defendants), unanimously affirmed, without costs.
The court correctly granted summary judgment on the Labor Law § 240 (1) claim. Plaintiff, a masonry worker, was instructed to build a wall around a trash chute hole which was adjacent to an air conditioning duct hole on the second floor. Plaintiff allegedly jumped on a piece of plywood covering the duct hole to test its strength, the unsecured planking cracked and he fell two stories to the basement, seriously injuring himself. "We have repeatedly held that section § 240 (1) is violated when workers fall through unprotected floor openings . . . Plaintiff established a prima facie violation of the statute by showing that the plywood cover on the hole was an inadequate safety device because it was not secured at the time of the accident" (Alonzo v Safe Harbors of the Hudson Hous. Dev. Fund Co., Inc., 104 AD3d 446, 450 [1st Dept 2013] [internal citations omitted]).
Defendants fail to raise any issue of fact as to its recalcitrant worker defense. There is no record evidence that a second piece of plywood which plaintiff allegedly believed was unnecessary would have constituted an adequate safety device (as opposed to a reinforced and secured planking). If plaintiff was allegedly negligent in testing the plywood, that would go to comparative negligence and does not defeat this claim (see Singh v City of New York, 191 AD3d 547, 548 [1st Dept 2021]).
Because plaintiff's motion for partial summary judgment on his Labor Law § 240(1) claim is granted, we need not address his Labor Law § 241(6) claim (Gonzalez v 1225 Ogden Deli Grocery Corp., 158 AD3d 582, 584 [1st Dept 2018]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 23, 2024