Cordeiro v New York State Thruway Auth. (2025 NY Slip Op 25295)

[*1]

Cordeiro v New York State Thruway Auth.

2025 NY Slip Op 25295

Decided on August 18, 2025

Court Of Claims

Chaudhry, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the printed Official Reports.

Decided on August 18, 2025
Court of Claims

Helder J. Cordeiro, Claimant,

againstNew York State Thruway Authority, Defendant.

Claim No. 131093

For Claimant:
REISMAN RUBEO, LLP
By: Sharman T. Propp, Esq. and Mark A. Rubeo, Jr., Esq. 
For Defendant:
FREEHILL HOGAN & MAHAR LLP
By: John F. Karpousis, Esq.

Zainab A. Chaudhry, J.

This negligence claim arises from an accident that occurred during the construction of the Governor Mario M. Cuomo Bridge, which replaced the Tappan Zee Bridge connecting Nyack and Tarrytown across the Hudson River. Claimant Helder Cordeiro moves for leave to amend the claim to raise causes of action under Labor Law §§ 200 and 241 (6). Defendant New York State Thruway Authority (NYSTA) opposes the motion only with respect to the proposed addition of a Labor Law § 241 (6) claim. Following oral argument, the parties were given the opportunity to make further submissions based upon the Court's questions, but no additional papers were filed. For the reasons stated below, the motion is granted in part and denied in part.
By way of background, claimant worked as a foreman for nonparty Tappan Zee Constructors LLC (TZC), a private contractor hired to work on the construction of the new bridge. NYSTA allegedly supervised the project and owned or controlled the locations where TZC performed work. In the early morning of March 12, 2016, claimant and his coworkers were working on the concrete footing of the new bridge adjacent to a stationary barge which, according to the claim, was owned, leased, or licensed by NYSTA or TZC (designated in the [*2]claim as the "TZC barge"). Claimant observed another barge, flanked by tugboats, traveling southwest on the Hudson and approaching the worksite.[FN1]
One of the tugboats collided with the TZC barge, puncturing the tugboat's hull and causing it to sink. Claimant alleges that when he and his coworkers realized the tugboat was sinking, they wanted to try and rescue the ship's crew. But according to the claim, the worksite was not equipped with "rescue poles" which might have been used to pull the crew to safety (Claim, ¶ 12). Claimant alleges he previously advised NYSTA regarding the lack of adequate water safety equipment, including rescue poles, at the worksite. Without access to such equipment, there was nothing claimant or his coworkers could do to save the crew. Claimant alleges that over the course of 15 minutes, he watched helplessly as the tugboat captain screamed for help, flailed in the water, and ultimately drowned. Although claimant does not assert that he suffered any physical injuries as a result of the collision or the events that immediately followed, he alleges that the incident caused him to fear for his own safety and that he suffered emotional distress.
Presently, the claim asserts one cause of action for common-law negligence. To that end, the claim alleges that NYSTA is responsible for causing the collision because the TZC barge was negligently positioned in the river in a manner that impeded the safe passage of other vessel traffic in the area, and also by failing to provide such vessels adequate warning of the TZC barge's location. In addition, claimant alleges that NYSTA failed to supply the worksite with adequate lifesaving equipment and did not enforce its existing safety protocols.
Under CPLR Rule 3025 (b) and section 206.7 (b) of the Uniform Rules for the Court of Claims, a party may amend a pleading or supplement it at any time by leave of Court. In the absence of prejudice to the nonmoving party, leave to amend a pleading shall be "freely granted unless the proposed amendment is palpably insufficient or patently devoid of merit" (Wilmington Sav. Fund Socy., FSB v Sotomayor, 222 AD3d 702, 703 [2d Dept 2023] [internal quotation marks omitted]; see Davis v South Nassau Communities Hosp., 26 NY3d 563, 580 [2015]; see also NYAHSA Servs., Inc., Self-Ins. Trust v People Care Inc., 156 AD3d 99, 102 [3d Dept 2017]). Although no evidentiary showing is required to support a motion to amend (see Lucido v Mancuso, 49 AD3d 220, 229 [2d Dept 2008]; NYAHSA Servs., 156 AD3d at 102), the Court may nevertheless deny permission to amend a pleading to assert a new cause of action if it finds that the proposed cause of action lacks merit (see Davis, 26 NY3d at 581; Precious Care Mgt., LLC v Monsey Care, LLC, 221 AD3d 922, 924 [2d Dept 2023]). The determination whether to grant or deny an application to amend rests "within the sound discretion of the court" (Kimso Apts., LLC v Gandhi, 24 NY3d 403, 411 [2014]).
Claimant first seeks to amend the claim to assert a cause of action under Labor Law § 200, a provision which codifies the common-law duty of owners and contractors to provide construction workers with a safe workplace (see Comes v New York State Elec. & Gas Corp., 82 NY2d 876, 877 [1993]; Brasch v Yonkers Constr. Co., 306 AD2d 508, 510 [2d Dept 2003]). As noted above, NYSTA does not oppose this part of the motion, nor does it argue it would be [*3]prejudiced by the addition of this cause of action.[FN2]
In addition, the cause of action—which is essentially duplicative of claimant's common-law negligence claim—does not appear to be palpably insufficient or patently devoid of merit. Thus, so much of the motion as seeks to amend the claim to raise a Labor Law § 200 cause of action is granted.
Turning to the question of the merits of the proposed Labor Law § 241 (6) cause of action, section 241 (6) imposes "a nondelegable duty of reasonable care upon owners and contractors 'to provide reasonable and adequate protection and safety' to persons employed in, or lawfully frequenting, all areas in which construction, excavation or demolition work is being performed" (Rizzuto v L.A. Wenger Contr. Co., 91 NY2d 343, 348 [1998] [emphasis omitted], quoting Labor Law § 241 [6]). In other words, the statute "imposes liability upon a general contractor for the negligence of a subcontractor, even in the absence of control or supervision of the worksite" (id. [emphasis omitted]). However, to recover under Labor Law § 241 (6), the claimant must establish that his injury was proximately caused by a violation of a specific regulation set forth in the Industrial Code (see Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 502 [1993]; see also Ramirez v Metropolitan Transp. Auth., 106 AD3d 799, 800 [2d Dept 2013]; Hebbard v United Health Servs. Hosps., Inc., 135 AD3d 1150, 1151 [3d Dept 2016]). This predicate regulation must be one which "mandate[s] compliance with concrete specifications" (Misicki v Caradonna, 12 NY3d 511, 515 [2009]). Regulations which merely "declare general safety standards" or "reiterate common-law principles," on the other hand, cannot serve as the basis of a Labor Law § 241 (6) claim (id., citing Ross, 81 NY2d at 504-505).
Here, claimant's proposed cause of action under Labor Law § 241 (6) is predicated upon an alleged violation of 12 NYCRR 23-1.7 (c), an Industrial Code provision entitled "[d]rowning hazards," which states:
Where any person is exposed to the hazard of falling into water beneath [the person's] work location in which [the person] might drown, equipment for the prompt rescue of such person from the water shall be provided. Such equipment shall consist of a manned boat of a size suitable for the existing water conditions and area. Such boat shall be equipped with oars, with United States Coast Guard approved life preservers, with a life ring fastened to a line not less than 50 feet in length and with a boat hook. Such boat shall continuously patrol the area beneath the work location at all times when any person is exposed to the falling and drowning hazard.Claimant argues that because the TZC barge was not equipped with rescue poles, NYSTA may be held responsible for the failure to provide "equipment for the prompt rescue" of the tugboat crew (12 NYCRR 23-1.7 [c]). Had such equipment been available, claimant contends, he and his coworkers would have been able to save the crew and claimant thus would have been spared the psychological trauma of watching the tugboat captain drown. To further support the existence of a regulatory violation, claimant submits the expert affirmation of Ernest Gailor, a licensed professional engineer who has acted as a supervisor at bridge, sewer, and water construction sites. Gailor makes two relevant assertions: first, that the term "rescue pole" is interchangeable with the term "boat hook" as used in the regulation, and second, that TZC's "Work Books" [*4]required that rescue poles be available at the worksite (Gailor Affirm, ¶¶ 9-10).
Claimant's proposed Labor Law § 241 (6) cause of action is devoid of merit, however, because the proposed amended claim fails to allege a violation of the regulation governing drowning hazards upon which such claim is predicated. Although the regulation sets forth a specific and concrete duty, claimant misconstrues that duty to the extent he argues it requires that rescue poles or boat hooks be made generally accessible for use by workers at any stationary area of the worksite. Instead, the requirement to provide "equipment for the prompt rescue" of persons at risk of drowning is satisfied under the plain language of the regulation so long as there is a continuously patrolling, manned boat equipped with certain safety devices, including one boat hook (12 NYCRR 23-1.7 [c]). The proposed cause of action is therefore insufficient because it does not allege—as it must to support a section 241 (6) claim premised on a violation of this regulatory requirement—that the worksite was not supplied with a properly equipped manned rescue boat or that the absence of such boat caused an injury (cf. Collado v City of New York, 72 AD3d 458, 459 [1st Dept 2010] [summary judgment denied where record presented "issues of fact whether there was a continuously patrolling boat at the accident site and whether the absence of such a boat was a factor in the drowning death" of worker who fell into river]). In fact, the deposition transcripts attached to claimant's own motion papers suggest that TZC provided a "rescue skiff" to patrol the worksite as required under the regulation (Propp Affirm, Exh 6 [McGuinness EBT], at 56 ["It's my understanding that one of the individuals [on the tugboat] was recovered by . . . the [TZC's] rescue skiff"]; id., Exh 7 [Hilgeman EBT], at 43 ["(F)rom my knowledge and experience, the requirement in all cases when you're working on or near water where the potential of drowning exists would be a life ring with a 90-foot rope and a life-saving skiff. I don't think that a rescue pole is a mandatory requirement . . ."]). Finally, to the extent Gailor's affirmation suggests that the failure to provide rescue poles around the worksite violated TZC's internal safety standards, such violation—though possibly evidence of negligence generally—would not constitute a breach of the Industrial Code. Thus, claimant's motion is denied to the extent it seeks to amend the claim to assert a Labor Law § 241 (6) cause of action.
Accordingly, it is hereby
ORDERED that the motion is GRANTED, IN PART, to the extent that claimant may file an amended claim retaining his cause of action for negligence and asserting a violation of Labor Law § 200, which shall include paragraphs 1-20 and 30-38 of the proposed amended claim, exactly as those paragraphs appear therein; it is further
ORDERED that the motion is DENIED, IN PART, to the extent that claimant may not amend the claim to assert a cause of action under Labor Law § 241 (6) and shall not include paragraphs 21-29 of the proposed amended claim; and it is further
ORDERED that claimant is directed to file and serve the amended claim within 40 days of the date this decision and order is filed, with service to be completed in the manner prescribed in Court of Claims Act § 11 (a), and defendant shall thereafter serve an answer to the amended claim in accordance with section 206.7 (a) of the Uniform Rules for the Court of Claims.
August 18, 2025
Albany, New York
ZAINAB A. CHAUDHRY
Judge of the Court of Claims
[*5]Papers Considered:
1. Claim, filed March 6, 2018;
2. Answer, filed April 20, 2018;
3. Notice of Motion and Affirmation of Sharman T. Propp, Esq. in Support of Motion, with Exhibits 1-8 and accompanying Memorandum of Law, filed October 1, 2024;
4. Affirmation of Ernest J. Gailor, P.E., in Support of Motion, filed October 1, 2024;
5. Memorandum of Law in Opposition to Motion by John F. Karpousis, Esq., filed February 5, 2025; and
6. Reply Memorandum of Law in Further Support of Motion by Sharman T. Propp, Esq., filed February 26, 2025.

Footnotes

Footnote 1:The claim does not identify the owner of these vessels, although NYSTA indicates in its bill of particulars that the barge and tugboats were owned by private companies (see Exh 5, ¶ 3).

Footnote 2:NYSTA's counsel also clarified at oral argument that NYSTA will not require additional discovery with respect to the Labor Law § 200 claim.