Order, Supreme Court, New York County (Barbara Jaffe, J.), entered March 20, 2013, which, insofar as appealed from as limited by the briefs, denied plaintiffs’ motion for partial summary judgment on the issue of liability on their Labor Law § 240 (1) claim, unanimously reversed, on the law, without costs, and the motion granted.
Plaintiff Richard Hoffman, a glazier, was provided with a scissor lift to perform caulking in a glass lobby at a height of approximately 35 feet. Because of the V-shape of that portion of the lobby, the workers could not place the lift directly adjacent to the windows, leaving a gap of about three feet between the workers and their work. In order to caulk the windows, plaintiff needed to lean out over the lift’s railing, place one hand on the glass windows, and operate the caulking gun with the other. When performing this task, plaintiff fell over the railing to the ground.
While there was no defect in the device, it was clearly inappropriate for the task at hand in light of the configuration of the building (see Vasquez v Cohen Bros. Realty Corp., 105 AD3d 595, 597-598 [1st Dept 2013]). Defendants’ argument that triable issues exist as to whether plaintiff was the sole proximate cause of the accident, is unavailing, since they failed to provide an adequate safety device in the first instance (see Felker v Corning Inc., 90 NY2d 219 [1997]; Hernandez v Argo Corp., 95 AD3d 782 [1st Dept 2012]). Furthermore, while plaintiff was wearing his safety harness, there was no appropriate anchorage point to which the lanyard could have been tied-off (see Cordeiro v TS Midtown Holdings, LLC, 87 AD3d 904, 905 [1st Dept 2011]). Concur — Gonzalez, EJ., Friedman, Sweeny, Moskowitz and Clark, JJ.