■ NANCY J. MELITO, Respondent, v ABS PARTNERS REAL ESTATE, LLC, et al., Appellants-Respondents, et al., Defendant. ABS PARTNERS REAL ESTATE, LLC, et al., Third-Party Plaintiffs-Appellants-Respondents, v TRANSEL ELEVATOR AND ELECTRIC, INC., Third-Party Defendant-Respondent-Appellant. [11 NYS3d 569]—

Order, Supreme Court, New York County (Joan M. Kenney, J.), entered November 20, 2014, which, to the extent appealed from as limited by the briefs, denied the motion of defendants ABS Partners Real Estate, LLC, 3738 West LLC, JLJ LLC and 3738 West Company Limited Partnership (collectively ABS) for summary judgment dismissing plaintiff's Labor Law § 240 (1) claim and summary judgment against third-party defendant Transel Elevator and Electric, Inc. (Transel) on their third-party claims for common-law and contractual indemnity, granted Transel's motion for summary judgment dismissing the claim for common-law indemnification against it, and denied Transel's motion for summary judgment dismissing plaintiff's claim pursuant to Labor Law § 240 (1), unanimously modified, on the law, to grant ABS's motion for summary judgment on its contractual indemnity and common-law indemnity claims as against Transel, and otherwise affirmed, without costs.

This action, which involves decedent elevator mechanic falling to his death down an unguarded elevator shaftway, is covered by the protections of Labor Law 240 (1) (*see Magee v*

*438 E. 117th St. LLC*, 56 AD3d 376 [1st Dept 2008]; *Barwicki v Friars 50th St. Garage*, 288 AD2d 14 [1st Dept 2001]). Nor can defendants rely upon the defense of sole proximate cause, since they failed to provide adequate safety devices in the first instance (*see Rocovich v Consolidated Edison Co.*, 78 NY2d 509, 513 [1991]; *see also Cuentas v Sephora USA, Inc.*, 102 AD3d 504 [1st Dept 2013]).

The court erred, however, in denying ABS's motion for common-law and contractual indemnity from Transel. There is no evidence that ABS was negligent; its liability is purely statutory (*see Rizzuto v L.A. Wenger Contr. Co.*, 91 NY2d 343, 348-349 [1998]; *Picchione v Sweet Constr. Corp.*, 60 AD3d 510 [1st Dept 2009]). Plaintiff did not oppose the motion of ABS seeking dismissal of all common law and Labor Law § 200 claims against them, and those claims were dismissed.

With respect to contractual indemnity, the insurance agreement between Transel and ABS provided that Transel would indemnify ABS for claims caused by, inter alia, the negligent acts or omissions of Transel in connection with its operations. This accident arose from Transel allowing decedent to work near the unguarded shaftway without any safety devices to protect him (*see Guzman v 170 W. End Ave. Assoc.*, 115 AD3d 462 [1st Dept 2014]). Transel is incorrect in asserting that the grease and oil contract between the parties would not include the work being performed by decedent, as that contract provided that emergency work would also be "provided under the terms of this contract." However, ABS is incorrect in stating that the grease and oil contract, in contrast with the insurance agreement, contained an explicit indemnity provision. Concur—Gonzalez, P.J., Mazzarelli, Acosta, Clark and Kapnick, JJ.