DaSilva v Toll First Ave., LLC (2021 NY Slip Op 06438)





DaSilva v Toll First Ave., LLC


2021 NY Slip Op 06438


Decided on November 18, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 18, 2021

Before: Kapnick, J.P., Webber, Oing, Moulton, Rodriguez, JJ. 


Index No. 452797/15 Appeal No. 14656 Case No. 2020-04664 

[*1]Marcos DaSilva et al., Plaintiffs-Respondents,
v
Toll First Avenue, LLC et al., Defendants-Appellants-Respondents, Rockledge Scaffold Corp. et al., Defendants.
Toll First Avenue, LLC et al., Third-Party Plaintiffs-Appellants-Respondents,
v
Casino Development Group, Inc., Third-Party Defendant-Respondent-Appellant.


Gallo Vitucci Klar LLP, New York (Yolanda L. Ayala of counsel), for appellants-respondents.
Linton Robinson & Higgins, LLP, New York (Saryah Sober of counsel), for respondent-appellant.
Law Offices of Lawrence Perry Biondi, Garden City (Lisa M. Comeau of counsel), for respondents.



Order, Supreme Court, New York County (Debra A. James, J.), entered on or about June 8, 2020, which, insofar as appealed from as limited by the briefs, granted defendants Toll First Avenue, LLC and Toll GC, LLC's motion for summary judgment dismissing the Labor Law § 200 and common-law negligence claims as against them and on their third-party claim for contractual indemnification and denied the motion as to dismissing the Labor Law § 240(1) claim, and granted plaintiff's cross motion for summary judgment as to liability on the Labor Law § 240(1) claim, unanimously affirmed, without costs.
Plaintiff DaSilva (plaintiff) was injured when he fell off an unsecured wooden plank while constructing a hollow rectangular structure that would serve as the framework for the pouring of concrete columns. He testified that his coworkers placed unsecured wooden planks across the horizontal beams of the structure to allow him to cross the beams and place heads on the tops of the vertical posts at the corners of the structure and that one of the planks flipped while he was performing the work, causing him to fall to the concrete floor below.
Plaintiff's testimony established prima facie that the Toll defendants (the owner and general contractor) (together, Toll) were liable for his injuries under Labor Law § 240(1) (see Carpentieri v 309 Fifth Ave., LLC, 180 AD3d 571, 571-572 [1st Dept 2020]; Kristo v Board of Educ. of the City of N.Y., 134 AD3d 550 [1st Dept 2015]). In opposition, Toll failed to raise an issue of fact. Even if, as Toll contends, plaintiff fell less than six feet, that does not render the statute inapplicable (see Rubio v New York Proton Mgt., LLC, 192 AD3d 438 [1st Dept 2021]; Carpentieri, 180 AD3d at 571-572; Hoyos v NY-1095 Ave. of the Ams., LLC, 156 AD3d 491, 495 [1st Dept 2017]; Auriemma v Biltmore Theatre, LLC, 82 AD3d 1, 9 [1st Dept 2011]). Toll's claimed compliance with OSHA regulations requiring fall protection only for falls of six feet or more is irrelevant (see Cruz v Cablevision Sys. Corp., 120 AD3d 744, 746-747 [2d Dept 2014]; Hoyos, 156 AD3d at 495-496). The wooden plank from which plaintiff fell did not constitute a "passageway," but "served, conceptually and functionally, as an elevated platform or scaffold" (Becerra v City of New York, 261 AD2d 188, 189 [1st Dept 1999]; see Paul v Ryan Homes, 5 AD3d 58 [4th Dept 2004]).
Toll failed to submit evidence that plaintiff was the sole proximate cause of the accident. Its contention that plaintiff could have worked from the concrete floor is undermined by the testimonial evidence. Given Toll's "fail[ure] to provide adequate safety devices in the first instance," plaintiff's failure to secure the planks could not have been the sole proximate cause of his fall (Melito v ABS Partners Real Estate, LLC, 129 AD3d 424, 425 [1st Dept 2015]; see Hoffman v SJP TS, LLC, 111 AD3d 467, 467 [1st Dept 2013]). It is merely an issue of comparative fault, which is not a defense to a Labor Law § 240([*2]1) claim (Bland v Manocherian, 66 NY2d 452, 460 [1985]).
The Labor Law § 200 and common-law negligence claims were correctly dismissed as against Toll, since the record is devoid of evidence that Toll had the authority to exercise supervisory control over the injury-producing work (see Cappabianca v Skanska USA Bldg. Inc., 99 AD3d 139, 144 [1st Dept 2012]). Rather, the record shows that plaintiff's employer, nonparty Gencon Services, Inc., controlled the work. Contrary to third-party defendant Casino's contention, the authority of Toll's representatives to ensure the overall safety of the work site and to stop any unsafe work does not rise to the level of supervision and control required to hold owners and general contractors liable under Labor Law § 200 (Mendriski v New York City Hous. Auth., 189 AD3d 410 [1st Dept 2020]). Without the requisite supervisory authority, any constructive notice Toll may have had of the unsafe condition is insufficient to give rise to liability, particularly since Gencon had sole control of the means and methods of plaintiff's work (see Reilly v Newireen Assoc., 303 AD2d 214, 220-221 [1st Dept 2003], lv denied 100 NY2d 508 [2003]).
Given the absence of negligence on Toll's part, the court correctly granted Toll's motion for summary judgment on its third-party claim for contractual indemnification (see Brown v Two Exch. Plaza Partners, 76 NY2d 172 [1990]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 18, 2021