Healy v BOP One N. End LLC (2022 NY Slip Op 01388)





Healy v BOP One N. End LLC


2022 NY Slip Op 01388


Decided on March 03, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 03, 2022

Before: Renwick, J.P., Gesmer, Moulton, Rodriguez, Pitt, JJ. 


Index No. 150945/17 Appeal No. 15443 Case No. 2020-04289 

[*1]Matthew S. Healy et al., Plaintiffs-Appellants-Respondents,
v
BOP One N. End LLC et al., Defendants-Respondents-Appellants, J.T. Magen & Co., Inc., Defendant-Respondent. [And a Third-Party Action]


Arye, Lustig & Sassower, P.C., New York (D. Carl Lustig, III of counsel), for appellants-respondents.
Pillinger Miller Tarallo, LLP, Elmsford (Patrice M. Coleman of counsel), for respondents-appellants.
Fabiani Cohen & Hall, LLP, New York (Allison A. Snyder of counsel), for respondent.



Order, Supreme Court, New York County (Paul A. Goetz, J.), entered October 20, 2020, which, to the extent appealed from as limited by the briefs, denied plaintiffs' motion for summary judgment as to liability under Labor Law § 240(1) and denied defendants BOP One North End LLC and KCG Holdings, Inc.'s (together, defendants) motion for summary judgment dismissing the causes of action pursuant to Labor Law § 240(1) and Labor Law § 241(6) predicated on Industrial Code (12 NYCRR) § 23-1.25(d), unanimously modified, on the law, to grant plaintiffs' motion, and otherwise affirmed, without costs.
Defendants were correctly denied summary judgment dismissing the Labor Law § 240 claim. Plaintiffs should be granted summary judgment as to defendants' liability under the statute. The record demonstrates that plaintiff Matthew S. Healy (plaintiff) fell from the guardrails of a manlift after sustaining an electric shock. Plaintiff was required to stand on the manlift's guardrails because HVAC ductwork prevented him from raising the manlift to the area in which he needed to work. Thus, the manlift was "inappropriate for the task at hand in light of the configuration of the building" and failed to afford plaintiff adequate protection pursuant to the statute (see Hoffman v SJP TS, LLC, 111 AD3d 467, 467 [1st Dept 2013]). In contrast to the facts of the cases on which defendants rely, there is nothing in the instant record to suggest either that the manlift was adequate for plaintiff's performance of his work or that some other, adequate, safety device was available to plaintiff for the performance of his work.
Defendants were correctly denied summary judgment dismissing the Labor Law § 241(6) claim predicated on Industrial Code (12 NYCRR) § 23-1.25(d). Defendants failed to show that they did not violate the regulation, that the regulation was not applicable to this case, or that any violation was not a proximate cause of plaintiff's injuries (see Piazza v Frank L. Ciminelli Constr. Co., Inc., 2 AD3d 1345, 1349 [4th Dept 2003]). Instead, defendants merely pointed to gaps in plaintiffs' proof, which was insufficient to meet their burden as movants (Kolakowski v 10839 Assoc., 185 AD3d 427, 429 [1st Dept 2020]).
We have considered defendants' remaining arguments for affirmative relief and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 3, 2022