■ SHERARD TAYLOR, Appellant, v ONE BRYANT PARK, LLC, et al., Respondents. [941 NYS2d 142]—

Order, Supreme Court, New York County (Milton A. Tingling, J.), entered June 17, 2011, which denied plaintiff's motion for summary judgment on the issue of liability on his Labor Law § 240 (1) cause of action, unanimously reversed, on the law, without costs, and the motion granted.

Plaintiff was injured when the A-frame ladder he was ascending fell over. Plaintiff testified that he placed the ladder about six inches from a stack of metal studs and that as he was ascending the ladder, he heard a noise, which was the sound of the metal studs sliding against the ladder, causing it to fall. Under these circumstances, plaintiff established a violation of Labor Law § 240 (1) (*see Bruce v 182 Main St. Realty Corp.*, 83 AD3d 433, 437 [2011]; *Schultze v 585 W. 214th St. Owners Corp.*, 228 AD2d 381 [1996]).

Although summary judgment is not warranted where "credible evidence reveals differing versions of the accident" (*Ellerbe v Port Auth. of N.Y. & N.J.*, 91 AD3d 441, 442 [2012]), the evidence upon which defendants rely is neither credible, nor admissible. The workers' compensation C-2 report is not signed or authenticated, and it is not conclusively clear who created the report or where that person acquired the information (*see Zuluaga v P.P.C. Constr., LLC*, 45 AD3d 479 [2007]). Assuming

that the site medic listed on the report completed it, an affidavit from that same medic gives a different version of the accident from that listed on the C-2. The affidavit does not address the inconsistency, and is also not notarized. "While hearsay statements may be used to oppose a summary judgment motion, such evidence is insufficient to warrant a denial of the motion where [as here] it is the only evidence submitted in opposition" (*see Rivera v GT Acquisition 1 Corp.*, 72 AD3d 525, 526 [2010]).

Moreover, the record establishes plaintiff was not the sole proximate cause of his injuries (*see e.g. Clarke v Morgan Contr. Corp.*, 60 AD3d 523 [2009]). There is a lack of evidence that plaintiff was aware that the stacked pile of studs was not secured when he placed the ladder near it. Concur—Friedman, J.P., DeGrasse, Freedman and Abdus-Salaam, JJ.