■ Devi Kristo, Appellant, v Board of Education of the City of New York et al., Respondents, et al., Defendant. [23 NYS3d 165]—

Order, Supreme Court, New York County (Louis B. York, J.), entered July 7, 2014, which, to the extent appealed from as limited by the briefs, denied plaintiff's motion for summary judgment as to liability on his Labor Law §§ 240 (1) and 241 (6) claims, and granted defendants-respondents' (defendants) cross motion for summary judgment dismissing plaintiff's Labor Law § 200 and common-law negligence claims, unanimously reversed, on the law, without costs, plaintiff's motion granted, and defendants' cross motion denied.

Plaintiff is entitled to summary judgment on the issue of liability on his Labor Law § 240 (1) claim, since his deposition testimony establishes that a proximate cause of his injury was the unsecured scaffold planks, which shifted when he stepped on the platform because three of the required planks were missing (*see Ciardiello v Benenson Capital Co.*, 273 AD2d 147 [1st Dept 2000]). Thus, contrary to defendants' contention, plaintiff was not the sole proximate cause of his accident (*see Kielar v Metropolitan Museum of Art*, 55 AD3d 456, 458 [1st Dept 2008]). Further, defendants' recalcitrant worker defense, predicated on plaintiff's alleged entry into an area of the scaffold that had been cordoned off, is unavailing, as there is no evidence that plaintiff had been instructed on the day of the accident not to enter or use the cordoned-off area (*see Olszewski*

*v Park Terrace Gardens*, 306 AD2d 128, 128-129 [1st Dept 2003], *lv dismissed* 1 NY3d 622 [2004]).

The unsworn accident report relied upon by defendants to show an inconsistency in plaintiff's account of the accident is insufficient to raise an issue of fact (*see Perez v Brux Cab Corp.*, 251 AD2d 157, 159 [1st Dept 1998]). The report is inadmissible hearsay (*id.*), and defendants provide no excuse for their failure to tender the report in admissible form (*Allstate Ins. Co. v Keil*, 268 AD2d 545, 545-546 [2d Dept 2000]). The inconsistent statement in plaintiff's hospital record as to how the accident occurred is also insufficient to raise a triable issue of fact, because it is not germane to plaintiff's diagnosis and treatment (*see Sermos v Gruppuso*, 95 AD3d 985, 986-987 [2d Dept 2012]).

Given the foregoing determination, we need not address plaintiff's remaining claims (*Jerez v Tishman Constr. Corp. of N.Y.*, 118 AD3d 617, 617 [1st Dept 2014]; *Auriemma v Biltmore Theatre, LLC*, 82 AD3d 1, 12 [1st Dept 2011]). In any event, the court erred in denying plaintiff summary judgment on his Labor Law § 241 (6) claim predicated on defendants' violation of 12 NYCRR 23-5.1 (e) (1), which requires scaffold planks to be "laid tight" (*Susko v 337 Greenwich LLC*, 103 AD3d 434, 436 [1st Dept 2013]). In addition, the court erred in granting defendants summary judgment dismissing plaintiff's Labor Law § 200 and common-law negligence claims, since issues of fact exist regarding whether defendants created or had constructive notice of the scaffold's defective condition (*see Hernandez v Argo Corp.*, 95 AD3d 782, 783 [1st Dept 2012]), and whether they exercised supervisory control over the erection and placement of the scaffold (*see Alomia v New York City Tr. Auth.*, 292 AD2d 403, 405 [2d Dept 2002]). Concur—Mazzarelli, J.P., Acosta, Moskowitz and Richter, JJ.