Guity v 400 Great Neck Rd. Realty, LLC (2020 NY Slip Op 07274)





Guity v 400 Great Neck Rd. Realty, LLC


2020 NY Slip Op 07274


Decided on December 03, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 03, 2020

Before: Friedman, J.P., Kapnick, Gesmer, Kern, Shulman, JJ. 


Index No. 21587/16E Appeal No. 12547 Case No. 2020-01778 

[*1]Marco Guity, Plaintiff-Respondent,
v
400 Great Neck Road Realty, LLC, Defendant, Nicolia's LLC, Defendant-Appellant. [And a Third-Party Action.]


Fabiani Cohen & Hall, LLP, New York (Nicole Galletta of counsel), for appellant.
The Platta Law Firm, PLLC, New York (Brian J. Vannella of counsel), for respondent.



Order, Supreme Court, Bronx County (Lucindo Suarez, J.), entered October 21, 2019, which granted plaintiff's motion for partial summary judgment on the issue of liability on his Labor Law § 240(1) claim against defendant Nicolia's LLC, unanimously affirmed, without costs.
Plaintiff made a prima facie showing that he was injured while performing demolition work at defendant's premises, when he fell through a partially collapsed roof, and that he was not provided with proper safety equipment to protect him against the elevation-related risk (see [*2]Mihelis v i.park Lake Success, LLC, 56 AD3d 355 [1st Dept 2008]; Ortiz v SFDS Dev., 274 AD2d 341 [1st Dept 2000]). In opposition, defendant failed to raise a triable issue of fact. The unsigned, unverified letter relied upon by defendant, which is purported to set forth a contradictory account of how the accident occurred, is not admissible, and, in any event, fails to raise a triable issue of fact (see Taylor v One Bryant Park, LLC, 94 AD3d 415 [1st Dept 2012]).
We have considered defendant's remaining contentions and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 3, 2020