Ging v F.J. Sciame Constr. Co., Inc. (2021 NY Slip Op 02068)





Ging v F.J. Sciame Constr. Co., Inc.


2021 NY Slip Op 02068


Decided on April 01, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 01, 2021

Before: Manzanet-Daniels, J.P., Kern, González, Shulman, JJ. 


Index No. 157839/12, 590551/13 Appeal No. 13497 Case No. 2020-01241 

[*1]Albert Ging, Plaintiff-Respondent,
v
F.J. Sciame Construction Co., Inc., Defendant-Respondent-Appellant, H3 Hardy Collaboration Architecture, LLC, Defendant.
F.J. Sciame Construction Co., Inc., Third-Party Plaintiff-Respondent-Appellant,
v
Koenig Iron Works, Inc., Third-Party Defendant-Appellant-Respondent, Atlantic Detail & Erection Corp., Third-Party Defendant-Respondent-Appellant.[And a Second Third-Party Action.]


Milber Makris Plousadis & Seiden, LLP, Purchase (Otto Cheng of counsel), for appellant-respondent.
Goetz Schenker Blee & Wiederhorn LLP, New York (Jeffrey Rubinstein of counsel), for F.J. Sciame Construction Co., Inc., respondent-appellant.
Ahmuty, Demers & McManus, Albertson (Glenn A. Kaminska of counsel), for Atlantic Detail & Erection Corp., respondent-appellant.
Kazmierczuk & McGrath, Forest Hills (Joseph Kazmierczuk of counsel), for respondent.



Order, Supreme Court, New York County (Debra A. James, J.), entered on or about January 10, 2020, which, to the extent appealed from as limited by the briefs, (1) (a) granted plaintiff's motion for partial summary judgment on the issue of liability on his Labor Law § 240(1) claim as against defendant/third-party plaintiff F.J. Sciame Construction Co., Inc. (Sciame), and (b) denied those branches of Sciame's, third-party defendant Koenig Iron Works, Inc.'s (Koenig), and third-party defendant/second third-party plaintiff Atlantic Detail & Erection Corp.'s (Atlantic) (together with Sciame and Koenig, defendants) separate motions which were for summary judgment dismissing that claim, (2) (a) granted that branch of Sciame's motion which was, in effect, for summary judgment on its third-party claim against Koenig for contractual indemnification to the extent of awarding Sciame conditional contractual indemnification against Koenig to the extent that plaintiff's damages exceed the limits of the insurance coverage afforded by Koenig's insurer, and (b) denied those branches of Koenig's and Atlantic's motions which were, in effect, for summary judgment dismissing that claim, and (3) (a) granted that branch of Koenig's motion which was, in effect, for summary judgment on its third-party cross claim against Atlantic for contractual indemnification to the extent of awarding Koenig (i) contractual indemnification against Atlantic for expenses and attorneys' fees and (ii) conditional contractual indemnification against Atlantic for any judgment, mediation or arbitration award or settlement against or by Koenig, and (b) denied that branch of Atlantic's motion which was, in effect, for summary judgment dismissing that claim, unanimously affirmed, without costs.
This personal injury action stems from plaintiff's accident at a theater being constructed in Brooklyn. Sciame was the construction manager for the work and subcontracted the structural steel work to Koenig. Koenig, in turn, sub-subcontracted the steel erection work to Atlantic, which employed plaintiff at the time of his accident.
Plaintiff alleges that he was standing on a structural steel tube, which measured approximately 20-feet long by 6-inches wide, on the third floor of what was to be a theater, approximately 10-to-12 feet above the second floor, when, while receiving a piece of decking from a coworker, the steel tube suddenly shifted, causing him to fall backward onto a perpendicular tube on the same level. Plaintiff had a safety harness and lanyard at the time of his accident but did not have a place to tie off. He subsequently averred that he only prevented himself from falling off the tube by hooking his feet thereon. This testimony established his prima facie entitlement to summary judgment on his Labor Law § 240(1) claim (see Anderson v MSG Holdings, L.P., 146 AD3d 401 [1st Dept 2017], lv dismissed 29 NY3d 1100 [2017]; Gomez v City of New York, 63 AD3d 511 [1st Dept 2009]; Suwareh v State of [*2]New York, 24 AD3d 380 [1st Dept 2005]; see generally Reavely v Yonkers Raceway Programs, Inc., 88 AD3d 561, 563 [1st Dept 2011] ["a long line of cases makes clear that a worker may recover pursuant to Labor Law § 240(1) if he is injured by a gravity-related accident, even if he did not actually fall. This Court has consistently held that the statute applies where a worker was injured in the process of preventing himself from falling"]).
In opposition, defendants failed to raise an issue of fact as to the manner in which plaintiff's accident occurred (see generally Ellerbe v Port Auth. of N.Y. & N.J., 91 AD3d 441, 442 [1st Dept 2012]). The emergency room record on which they rely is uncertified (cf. Carringi v International Paper Co., 184 AD2d 137, 141 [3d Dept 1992]), and plaintiff's statement therein about the manner in which his accident occurred was "not germane to plaintiff's diagnosis and treatment" (Kristo v Board of Educ. of the City of N.Y., 134 AD3d 550, 551 [1st Dept 2015]). Sciame's accident report is also inadmissible hearsay and defendants failed to lay a proper foundation for its admission as a business record (see Stock v Otis El. Co., 52 AD3d 816, 817 [2d Dept 2008]; see also Kristo, 134 AD3d at 551). "The workers' compensation C-2 report is not signed or authenticated, and it is not conclusively clear who created the report or where that person acquired the information" (Taylor v One Bryant Park, LLC, 94 AD3d 415, 415 [1st Dept 2012]). Finally, neither the workers' compensation C-3 form, nor any other of the foregoing documents on which defendants rely actually controvert plaintiff's account of the accident, and therefore they are insufficient to raise an issue of fact (see Valdez v City of New York, 189 AD3d 425, 425 [1st Dept 2020]; Rroku v West Rac Contr. Corp., 164 AD3d 1176, 1177 [1st Dept 2018]).
Koenig's contention that it is not a proper Labor Law defendant is irrelevant, since plaintiff has not asserted any direct claims against Koenig. Rather, the only claim against Koenig is by Sciame for contractual indemnification, the right to which "depends upon the specific language of the contract" (Alfaro v 65 W. 13th Acquisition, LLC, 74 AD3d 1255, 1255 [2d Dept 2010]; see Trawally v City of New York, 137 AD3d 492, 492-493 [1st Dept 2016]). The language of Koenig's contract with Sciame does not require that Koenig also be a proper Labor Law defendant before it is required to indemnify Sciame (cf. Simone v Liebherr Cranes, Inc., 90 AD3d 1019 [2d Dept 2011]). Instead, it merely obligates Koenig to indemnify Sciame for all claims which "arise out of or are connected with . . . the performance of" that contract. Since plaintiff's accident arose out of his work for Atlantic, with which Koenig sub-subcontracted to perform, plaintiff's accident necessarily arose out of the work that Sciame subcontracted with Koenig to perform, thus triggering Koenig's contractual duty to indemnify Sciame (see Lesisz v Salvation Army, 40 AD3d 1050, 1050[*3], 1052 [2d Dept 2007]). Supreme Court properly conditioned its award to Sciame of contractual indemnification against Koenig on plaintiff's damages exceeding the limits of Koenig's insurance policy, which is also insuring Sciame in this action, so as not to run afoul of the antisubrogation rule (see Federated Dept. Stores, Inc. v Twin City Fire Ins. Co., 28 AD3d 32, 40 [1st Dept 2006]; Lodovichetti v Baez, 31 AD3d 718, 719 [2d Dept 2006]; Curran v City of New York, 234 AD2d 254, 255 [2d Dept 1996], cited in ELRAC, Inc. v Ward, 96 NY2d 58, 78 [2001]).
Turning to Koenig's contractual indemnification claim against Atlantic, their agreement first requires that Atlantic indemnify Koenig for "all claims . . . and expenses, including but not limited to attorneys' fees arising out of or resulting from the work of [Atlantic], provided any such claim . . . or expense . . . is caused in whole or in part by any act or omission of [Atlantic] or anyone directly or indirectly employed . . . by it." Thus, regardless of whether "any negligence on [Atlantic]'s part contributed to plaintiff's accident, its duty to indemnify [Koenig for attorneys' fees and expenses] under the agreement was triggered by the fact that the accident arose from [plaintiff's] performance of his work as an employee of [Atlantic]" (Cackett v Gladden Props., LLC, 183 AD3d 419, 422 [1st Dept 2020] [internal quotation marks omitted]).
However, Atlantic's indemnification agreement with Koenig only requires Atlantic to indemnify Koenig "for any judgment, mediation or arbitration award or settlement [against or by Koenig] . . . to the percentage of negligence of [Atlantic] or anyone directly or indirectly employed by it or anyone for whose acts it may be liable in connection to such claim . . . and expense." We have held that "it is inappropriate to grant conditional summary judgment on a[] . . . contractual indemnification claim against a subcontractor where an issue of fact exists as to whether the [prime] contractor's negligence was the sole proximate cause of the underlying claim" (Cackett, 183 AD3d at 422). Supreme Court correctly determined that no such issue of fact exists in this case, based on the testimony that the steel tube from which plaintiff fell was installed by Atlantic, plaintiff was supervised by Atlantic's foreman, Koenig purchased the steel and merely coordinated its delivery for the project, Koenig retained Atlantic to perform the actual steel erection, and Koenig did not supervise Atlantic's work. Since there has not yet been a determination of the extent of Atlantic's negligence, however, Koenig was properly awarded only conditional contractual indemnification against Atlantic for any judgment, mediation or arbitration award or settlement against or by Koenig.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 1, 2021