Sinai v Luna Park Hous. Corp. (2022 NY Slip Op 05968)

Sinai v Luna Park Hous. Corp.

2022 NY Slip Op 05968

Decided on October 25, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 25, 2022

Before: Webber, J.P., Singh, Moulton, González, Pitt, JJ. 

Index No. 159910/16 Appeal No. 16527 Case No. 2021-04268 

[*1]Marino Sinai, Plaintiff-Respondent,
v
Luna Park Housing Corporation, et al., Defendants-Appellants, Technical Construction Services, Inc., et al., Defendants. 

Pillinger Miller Tarallo, LLP, Elmsford (Emeka Nwokoro of counsel), for appellants.
Rimland & Associates, New York (Edward Rimland of counsel), for respondent.

Order, Supreme Court, New York County (Gerald Lebovits, J.), entered April 20, 2021, which, to the extent appealed from as limited by the briefs, denied defendants' motion for summary judgment dismissing the common-law negligence and Labor Law §§ 200 and 241(6) claims, unanimously affirmed, without costs.
Plaintiff was injured while working on a project restoring the faÇade of defendants' building when a coworker moved the mechanical scaffold on which plaintiff was working, causing his foot to become crushed against a metal bar of a tower that was part of the mast climber scaffold. Plaintiff alleges that the tower should have been guarded by a mesh enclosure to prevent such accidents.
The motion court correctly declined to dismiss the Labor Law § 200 claim. Issues of fact exist as to whether the unguarded mast climber tower of the scaffold was a dangerous and "defective condition of the workplace" (Urban v No. 5 Times Sq. Dev., LLC, 62 AD3d 553, 555 [1st Dept 2009]) and defendants created or had constructive knowledge of the defective condition (Kristo v Board of Educ. of the City of N.Y., 134 AD3d 550 [1st Dept 2015]).
Contrary to defendants' arguments, dismissal of the Labor Law claims is not required based on the integral-to-the-work defense, which applies when eliminating the alleged defective condition would be "impractical and contrary to the very work at hand" and inconsistent with accomplishing a task that was "an integral part of the job" (Salazar v Novalex Contr. Corp., 18 NY3d 134, 139-140 [2011]). Here, the record does not establish that a protective enclosure could not have been installed around the tower before the accident, since the tower had already been erected and attached to the wall at the time of plaintiff's accident.
The conflicting affidavits of the parties' experts raise triable issues of fact as to whether the absence of a rail on the scaffold where plaintiff was working violated Industrial Code § 23-1.22(c)(2) and contributed to the accident, and whether the absence of a protective mesh enclosure around the tower violated Industrial Code § 23-9.2(a) or (d) (see Gonzalez v Perkan Concrete Corp., 110 AD3d 955, 958 [2d Dept 2013]). However, Industrial Code § 23-9.2(b)(1) is "merely a general safety standard that does not give rise to a nondelegable duty under the statute" (Hricus v Aurora Contrs., Inc., 63 AD3d 1004, 1005 [2d Dept 2009], citing Berg v Albany Ladder Co., Inc., 40 AD3d 1282, 1285 [3d Dept 2007], affd 10 NY3d 902 [2008]), and § 23-9.2(b)(2) is inapplicable to the accident that occurred, because an operator was at the controls.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 25, 2022