O'Shea v Procida Constr. Corp. (2023 NY Slip Op 05473)

O'Shea v Procida Constr. Corp.

2023 NY Slip Op 05473

Decided on October 31, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 31, 2023

Before: Kapnick, J.P., Gesmer, Scarpulla, Rodriguez, O'Neill Levy, JJ. 

Index No. 32582/18E Appeal No. 928 Case No. 2022-05421 

[*1]Michael O'Shea, Plaintiff-Appellant-Respondent,
v
Procida Construction Corp., et al., Defendants-Respondents-Appellants.
Procida Construction Corp., et al., Third-Party Plaintiffs-Respondents-Appellants,
v
Cosan Construction, Third-Party Defendant-Respondent-Respondent.

Goldstein + Horowitz LLP, New York (Michael M. Horowitz of counsel), for appellant-respondent.
Westermann Sheehy Samaan & Gillespie, LLP, East Meadow (Peter S. Samaan of counsel), for respondents-appellants.
Wilson Elser Moskowitz Edelman & Dicker LLP, New York (Patrick J. Lawless of counsel), for respondent-respondent.

Order, Supreme Court, Bronx County (Elizabeth A. Taylor, J.), entered September 29, 2022, which denied plaintiff's motion for partial summary judgment on his Labor Law §§ 240(1) and 241(6) claims, and denied defendants/third-party plaintiffs' cross-motion for summary judgment on their contractual indemnification claim, unanimously modified, on the law, to grant plaintiff's motion seeking partial summary judgment on his Labor Law § 240(1) claim, and otherwise affirmed, without costs.
Plaintiff established prima facie entitlement to partial summary judgment on his Labor Law § 240(1) claim by means of his deposition testimony and photographic evidence that demonstrated that he slipped on mud and grime on the third rung of a jobsite ladder, fell and was injured as he attempted to descend from the upper floors of the building where he worked to reach ground level (see e.g., Milligan v Tutor Perini Corp., 191 AD3d 437 [1st Dept 2021]; Rizzo v Hellman Elec. Corp., 281 AD2d 258 [1st Dept 2001]). Plaintiff's evidence established that defendants' general contractors directed the work and were contractually responsible for general site safety of the construction project.
In opposition, defendants and third-party defendants attempt to raise an issue of fact by submitting a C3 workers' compensation form stating that plaintiff's accident occurred while he was climbing down from the ladder and lost his balance on an uneven surface. The C3 statement lacked probative value and failed to raise a triable issue as to whether plaintiff's alleged misstep was the sole proximate cause of his injury because there was no affidavit or deposition testimony submitted from the C3 preparer, or similar attestation from a records custodian, as to the alleged authenticity of the statement taken from plaintiff (see Pirozzo v Laight St. Fee Owner LLC, 209 AD3d 596 [1st Dept 2022]; Yocum v United States Tennis Assn. Inc., 208 AD3d 1124 [1st Dept 2022]). "Hearsay, standing alone, is insufficient to defeat summary judgment" (Nava-Juarez v Mosholu Fieldston Realty, LLC, 167 AD3d 511, 512 [1st Dept 2018]). Defendants offered no excuse for relying on the C3 in hearsay form, as opposed to presenting the information contained in it in admissible form (see generally Kristo v Board of Educ. of the City of N.Y., 134 AD3d 550 [1st Dept 2015]). In any event, the C3 does not contradict plaintiff's deposition testimony and the photographs he submitted.
Defendants' further argument that deposition testimony from defendants' general manager that another ladder was available on the jobsite that he could have utilized to alight from the upper floors, and that a triable issue was thus raised as to whether plaintiff was the sole proximate cause of his injury for using the less safe ladder, is unavailing. No evidence was offered to indicate that plaintiff knew of the other ladder or had been instructed to use that other ladder as opposed to the one he chose, and that he chose to ignore his employer's [*2]instructions (see Jarzabek v Schafer Mews Hous. Dev. Fund Corp., 160 AD3d 412 [1st Dept 2018]; Nacewicz v Roman Catholic Church of the Holy Cross, 105 AD3d 402 [1st Dept 2013]).
In light of the foregoing, plaintiff's argument for partial summary judgment on his Labor Law § 241(6) claim is academic (see e.g., Quiroz v Memorial Hosp. for Cancer & Allied Diseases, 202 AD3d 601 [1st Dept 2022]; Sacko v New York City Hous. Auth., 188 AD3d 546 [1st Dept 2020]).
Given that there are triable issues as to whether defendants' omissions to fulfill their contractual responsibilities to maintain the grimy ladder as well as the safety of the worksite, coupled with the dearth of evidence to indicate plaintiff's employer had any responsibility for, or control over, the ladder on which plaintiff slipped, factual issues exist as to whether defendants' acts or omissions were the sole proximate cause of plaintiff's injury. Accordingly, defendants' cross-motion for conditional summary judgment on their contractual indemnification cross-claim was properly denied (see e.g., Piccone v Metropolitan Tr. Auth., 205 AD3d 628 [1st Dept 2022]; Pawlicki v 200 Park, L.P., 199 AD3d 578 [1st Dept 2021]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 31, 2023