Cerda v Cydonia W71, LLC (2025 NY Slip Op 07220)

Cerda v Cydonia W71, LLC

2025 NY Slip Op 07220

Decided on December 23, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 23, 2025

Before: Kennedy, J.P. SEQ CHAPTER \h \r 1, Kapnick, Rodriguez, Michael, Hagler, JJ. 

Index No. 161637/19|Appeal No. 5442|Case No. 2024-02844|

[*1]Petronilo Pena Cerda, Plaintiff-Respondent,
vCydonia W71, LLC, et al., Defendants-Appellants-Respondents, Arsenal Scaffold Inc., Defendant-Respondent, Advanced Construction Equipment Corp., Defendant.
Cydonia W71, LLC, et al., Third-Party Plaintiffs-Appellants-Respondents,
vAllterior Contracting Corp., Third-Party Defendant, Xuntos Construction Corp., Third-Party Defendant-Respondent, Standard Waterproofing Corp., Third-Party Defendant-Respondent-Appellant.
Standard Waterproofing Corp., Second Third-Party Plaintiff-Respondent-Appellant,
vXuntos Construction Corp., Second Third-Party Defendant-Respondent.

Ahmuty, Demers & McManus, Albertson (Nicholas P. Calabria of counsel), for appellants-respondents.
Milber Makris Plousadis & Seiden, LLP, Woodbury (Katherine M. Weiss of counsel), for respondent-appellant.
Pollack, Pollack, Isaac & DeCicco, LLP, New York (Lori E. Parkman of counsel), for Petronilo Pena Cerda, respondent.
Furman Kornfeld & Brennan LLP, New York (Andrew S. Kowlowitz of counsel), for Arsenal Scaffold Inc., respondent.

Order, Supreme Court, New York County (Leslie A. Stroth, J.), entered on or about April 17, 2024, which, to the extent appealed as limited by the briefs, granted plaintiff's motion for partial summary judgment on his Labor Law § 240(1) claim as against defendants Cydonia W71, LLC (Cydonia) and CCNY Construction Inc. (CCNY), denied the motion of Cydonia and CCNY for summary judgment dismissing plaintiff's claim under Labor Law § 240(1), and for summary judgment on their contractual indemnification claim against third-party defendant Standard Waterproofing Corp. (Standard), and denied Standard's motion for summary judgment on its contractual indemnification claim against third-party defendant Xuntos Construction Corp., unanimously modified, on the law, to conditionally grant Cydonia and CCNY summary judgment on their contractual indemnification claim against Standard, and otherwise affirmed, without costs.
The court properly granted plaintiff's motion for partial summary judgment on his Labor Law § 240(1) claim. Plaintiff satisfied his prima facie burden by pointing to evidence in the record establishing that the plank placed on a scaffolding component called a "bicycle," which extended outside the scaffold frame, was improperly secured when it fell on him, proximately causing his injuries (see Kristo v Board of Educ. of the City of N.Y., 134 AD3d 550, 550 [1st Dept 2015]).
Cydonia and CCNY failed to raise a question of fact in opposition. Contrary to their argument, nothing in the record demonstrates that the bicycle plank did not "require securing for the purposes of the undertaking" (Brito v City of New York, 238 AD3d 508, 509 [1st Dept 2025]). Plaintiff did not know why the planks were not secured, and the testimony of CCNY's project manager and the president of defendant Arsenal Scaffold, Inc., which erected the scaffolding, established that the bicycle planks needed to be tied down and secured while plaintiff was performing his work (see id.). It is irrelevant that no one witnessed the accident, because nothing in the record contradicts plaintiff's account (see Gutierrez v Turner Towers Tenants Corp., 202 AD3d 437, 438 [1st Dept 2022]). Plaintiff's supervisor stated in an affidavit that he did not witness plaintiff's accident, not that it did not happen. Any inconsistency in plaintiff's unsworn and uncertified medical record is inadmissible hearsay (see Kristo, 134 AD3d at 551). To the extent Cydonia and CCNY contend that an issue of fact exists as to plaintiff's credibility because he used another name while employed at Xuntos, the use of an alias has no bearing upon how the accident occurred. Further, it is undisputed that plaintiff was the person involved in the accident. Finally, Cydonia and CCNY did not establish that plaintiff was the sole proximate cause of the accident, because there is no evidence that his employer or his supervisor directed him not to use the scaffolding. In any event, "an instruction to avoid an unsafe practice is not a sufficient substitute for providing a worker with a safety device" (Vasquez v Cohen Bros. Realty Corp., 105 AD3d 595, 598 [1st Dept 2013]).
Turning to the indemnity claims, the indemnification provision between CCNY and Standard requires Standard to indemnify Cydonia and CCNY "from and against claims . . . arising out of or resulting from performance of [Standard's] Work . . . but only to the extent caused by the negligent acts or omissions of [Standard and its subcontractors]." Cydonia and CCNY are entitled to a conditional grant of summary judgment on their contractual indemnification claim because their "liability is purely vicarious (see Spielmann v 170 Broadway NYC LP, 187 AD3d 492, 494 [1st Dept 2020]) and issues of facts remain concerning Standard's negligence (see Rainer v Gray-Line Dev. Co., LLC, 117 AD3d 634, 636 [1st Dept 2014]).
However, the motion court properly denied Standard's motion for summary judgment on its contractual indemnification against Xuntos. Standard failed to prove its own freedom from negligence (see Correia v Professional Data Mgt., 259 AD2d 60, 65 [1st Dept 1999]). Issues of fact exist as to Standard's negligence and whether it was responsible for maintaining and securing the plank that fell and struck plaintiff (see Spielmann, 187 AD3d at 494). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 23, 2025