**Campuzano v AECOM, Tishman Constr. Corp. of N.Y.**

2026 NY Slip Op 30982(U)

March 16, 2026

Supreme Court, New York County

Docket Number: Index No. 152556/2021

Judge: Sabrina Kraus

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
NEW YORK COUNTY

| | |
|---|---|
| PRESENT:     **HON. SABRINA KRAUS** | PART     **57M** |
| *Justice* | |

-----------------------------------------------------------------------------X

FRANCISCO CAMPUZANO,

Plaintiff,

- v -

AECOM, TISHMAN CONSTRUCTION CORPORATION OF NEW YORK, OAC 550 OWNER LLC,

Defendants.

-----------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 152556/2021 |
| MOTION DATE | 12/07/2025 |
| MOTION SEQ. NO. | 003 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 003) 1, 72, 73, 74, 75, 76, 77, 78, 79, 80, 82, 83, 84, 85, 86, 87, 88

were read on this motion to/for             JUDGMENT - SUMMARY             .

## BACKGROUND

Plaintiff commenced this action pursuant to the Labor Law seeking damages for personal injuries arising out of an October 16, 2020, workplace accident on the premises of a building owned by OAC 550 Owner LLC ("OAC").

## FACTS

The following information derives from the testimony of the corporate representative of AECOM, Tishman Construction Corporation of New York ("AECOM").

OAC was the owner of a building located at 550 Madison Avenue, New York, NY 10022 (the "Building"). OAC entered into an agreement with AECOM for AECOM to serve as the project manager and general contractor for a demolition at the Building ("Demolition").

The following information derives from Plaintiff's testimony.

Plaintiff was employed by an entity named PAL to assist in the Demolition at the Building. On October 16, 2020, Plaintiff was working on scaffolding outside of the Building to

**152556/2021   CAMPUZANO, FRANCISCO vs. AECOM, TISHMAN CONSTRUCTION**
**Motion No.  003**

Page 1 of 7

1 of 7

cut and remove the windows prior to the Demolition. Plaintiff and his team of workers had cut a window out of the Building's façade (the "Window") and attached the Window to a pulley with ropes. The pulley system was operated manually by Plaintiff's other PAL coworkers, and there were no other mechanical or electronic tools being used to lower the Window. Plaintiff estimated that the Window weighed around 600 lbs.

In order to guide and support the Window's descent, Plaintiff was standing next to the Window with his hands placed underneath it. As the Window was being lowered, the ropes got stuck, and the descent stopped. The Window was hovering around two feet above Plaintiff when it suddenly fell and struck his chest, causing him to fall backwards and hit his lower back onto the guardrail of the scaffold.

## PENDING MOTION

On January 8, 2026, Plaintiff moved for summary judgment as to liability on his Labor Law § 240(1) claim as against OAC and AECOM (NYSCEF Doc No. 72 [mot. seq. 003]).

The motion was marked submitted on March 12, 2026, and the Court reserved decision. [1]

The Court grants the motion for the reasons set forth below.

## DISCUSSION

Summary judgment is a drastic remedy reserved for cases where "no material and triable issue of fact is presented" (*Sillman v Twentieth Century-Fox Film Corp.*, 3 NY2d 395, 404 [1957]). To prevail on summary judgment, the movant must establish *prima facie* entitlement to judgment as a matter of law, tendering evidence in admissible form demonstrating the absence of any triable issues of fact (CPLR § 3212(b); *Matter of New York City Asbestos Litig.*, 33 NY3d 20, 25–26 [2019]).

---

[1] The parties submitted a stipulation to adjourn the motion on March 12, 2026, which was rejected by the Court.

152556/2021   CAMPUZANO, FRANCISCO vs. AECOM, TISHMAN CONSTRUCTION          Page 2 of 7
Motion No.  003

2 of 7

When the movant meets this burden, summary judgment will be denied only when the nonmovant produces evidence in admissible form demonstrating the existence of triable issues of fact (*Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). However, "[m]ere conclusions, expressions of hope, or unsubstantiated allegations or assertions are insufficient" to defeat summary judgment (*Justinian Capital SPC v WestLB AG*, 28 NY3d 160, 168 [2016] [alteration in original]). Courts view the evidence in a light most favorable to the nonmovant and accord the nonmovant "the benefit of every reasonable inference" (*Negri v Stop & Shop, Inc.*, 65 NY2d 625, 626 [1985]).

### The Court Grants Plaintiff's Motion for Summary Judgment

Labor Law § 240(1) provides:

> All contractors and owners and their agents . . . in the . . . demolition . . . of a building or structure shall furnish or erect, or cause to be furnished or erected for the performance of such labor, scaffolding, hoists, stays, ladders, slings, hangers, blocks, pulleys, braces, irons, ropes, and other devices which shall be so constructed, placed and operated as to give proper protection to a person so employed.

Section 240(1) imposes "absolute liability" against the owner and general contractor when a breach of the statute proximately causes injury to a worker engaged in a protected task (*Melber v 6333 Main St., Inc.*, 91 NY2d 759, 762 [1998]). Plaintiff's work falls under the ambit of Section 240(1) as he was engaged in a task that was ancillary to and necessary for the Demolition of the Building (*see Prats v Port Auth.*, 100 NY2d 878, 882 [2003]).

Section 240(1) applies to both "falling worker" and "falling object" cases (*Narducci v Manhasset Bay Assoc.*, 96 NY2d 259, 267 [2001]). The Court of Appeals explains that the relevant hazards in falling object cases are:

> those related to the effects of gravity where protective devices are called for either because of a difference between the elevation level of the required work and a lower level or a difference between the elevation level where the worker is positioned and

[* 3]

the higher level of the materials or load being hoisted or secured. (*Rocovich v Consolidated Edison Co.*, 78 NY2d 509, 514 [1991]).

The hazard posed by the Window was related to the effect of gravity as the weight and height of the Window "created a significant, harmful force, even over the course of a relatively short descent, that warranted securing for the purpose of the undertaking" (*see Cruz v PMG Constr. Group LLC*, 236 AD3d 402, 403 [1st Dept 2025]).

To establish falling object liability under Section 240(1), the plaintiff must show that (1) the plaintiff was struck by a falling object, (2) the object required securing for the purpose of the undertaking and (3) the lack of adequate protection failed to shield against the falling of such object which proximately caused the plaintiff's injuries (*Torres-Quito v 1711 LLC*, 227 AD3d 113, 116 [1st Dept 2024], citing *Mayorquin v Carriage House Owner's Corp.*, 202 AD3d 541, 541–42 [1st Dept 2022]). Such adequate protection must be that "of a safety device of the kind enumerated in the statute" (*Narducci v Manhasset Bay Assoc.*, 96 NY2d 259, 268 [2001]; *see Honeyman v Curiosity Works, Inc.*, 154 AD3d 820, 821 [2d Dept 2017] [*holding that a pin-and-bracket system holding together an exhibition booth was not a statutory safety device because it was not meant to protect the plaintiff while he worked*]).

The adequate safety devices enumerated by the statute are "scaffolding, hoists, stays, ladders, slings, hangers, blocks, pulleys, braces, irons, ropes, and other devices which shall be so constructed, placed and operated as to give proper protection to a person so employed" (Labor Law § 240(1)). Plaintiff, relying on his expert report, argues that he and his coworkers should have been provided with a crane and a pulley system operated by an electric winch such that the window would have been properly secured and gradually lowered (NYSCEF Doc No. 76, at 4–5). Plaintiff's proposed safety device falls under Section 240(1) as it involves a pulley system

that would have given adequate protection to workers so employed in the removal and lowering of the Window.

Accordingly, the Court grants Plaintiff's motion as to liability on his Labor Law § 240(1) claim as he makes out a *prima facie* case that he was struck by the falling of the Window, the Window should have been properly secured for the purposes of his task and the failure to provide him and his coworkers with a crane, electric pulley, and winch system proximately caused his injury (*see Torres-Quito v 1711 LLC*, 227 AD3d at 116).

Defendants fail to raise a triable issue of fact in opposition. Defendants cite three accident reports that appear to contradict Plaintiff's testimony. The accident reports prepared by W5 Group LLC and PAL both stated that Plaintiff injured his back as he was trying to *lift up* the Window after it had gotten stuck (NYSCEF Doc No. 83; NYSCEF Doc No. 84). The accident report prepared by Tishman stated that Plaintiff strained his back while trying to lower the window but does not otherwise specify the strain's circumstances (NYSCEF Doc No. 85, at 3).

The First Department has held in *Biaca-Neto v Boston Road II Housing Development Corp.* that triable issues of fact exist where a Plaintiff's sworn testimony contradicts other documentary reports of an accident that are supported by sworn testimony (*see Biaca-Neto*, 176 AD3d 1, 4–5, 6 [1st Dept 2019]). Unlike *Biaca-Neto*, however, the only accident report here that is supported by sworn testimony is the Tishman report, but the person who prepared that report testified that he had no memory of (1) the Plaintiff, (2) the incident, (3) the circumstances in which he prepared the report (4) why he left the signature block of the report blank or (5) whether the accident witness with whom he spoke was a man or a woman (NYSCEF Doc No. 75, 12–16, 19–20). The Tishman report is also unclear as to how exactly Plaintiff strained his back (*see* NYSCEF Doc No. 85, at 3), and Plaintiff's testimony directly contradicted the account

152556/2021 CAMPUZANO, FRANCISCO vs. AECOM, TISHMAN CONSTRUCTION Page 5 of 7
Motion No. 003

5 of 7

[* 5]

of the accident as described in the Tishman report (NYSCEF Doc No. 86, at 251–52). The other two "unsworn accident report[s] relied upon by [Defendants] to show an inconsistency in [Plaintiff's] account of the accident" are similarly "insufficient to raise an issue of fact" as the reports are "inadmissible hearsay" and "[Defendants] provide no excuse for their failure to tender the report in inadmissible form" (*see Kristo v Board of Educ. of the City of N.Y.*, 134 AD3d 550, 551 [1st Dept 2015] [*reversing denial of plaintiff's motion for summary judgment on Section 240(1)*]).

Equally unavailing is Defendants' argument that Plaintiff was provided with an adequate safety device because he was wearing a harness and other fall protection equipment (NYSCEF Doc No. 82, at 9). Plaintiff's being provided with proper fall protection equipment is immaterial as Plaintiff's injury did not occur due to Plaintiff's falling off the scaffold but the Window falling and striking him. Further, Plaintiff's subjective belief that there was no structural defect in the rope-and-pulley system on the day of the incident does not raise a triable issue of fact as to whether he was provided with an adequate safety device to secure the Window.

Defendants' reliance on the integral-to-the-work defense is also misplaced as the doctrine is a defense to a Labor Law § 241(6) claim, not a Labor Law § 240(1) claim (*Wilson v AC 320 Hotel Partners, LLC*, 238 AD3d 581, 582 [1st Dept 2025]). Even assuming the integral-to-the-work defense applied in a Section § 240(1) context, Plaintiff's own subjective belief that the pulley system used on the day of the incident was the "only way" to have done the work does not defeat summary judgment as Plaintiff's expert report stated that there was indeed a safer crane, pulley and winch system that would have prevented Plaintiff's injury.

Finally, Defendants argue unpersuasively that Plaintiff's expert report is insufficient to establish entitlement to summary judgment because Plaintiff's expert had no personal knowledge

152556/2021   CAMPUZANO, FRANCISCO vs. AECOM, TISHMAN CONSTRUCTION          Page 6 of 7
Motion No.  003

6 of 7

of the events leading up to Plaintiff's injury. Plaintiff's expert report, however, was not proffered to prove that the Plaintiff was injured due to the Window having fallen onto him. Plaintiff cites the report to demonstrate that the rope-and-pulley configuration that was used on the day of the accident was inadequate for the task at hand and that an alternative crane, pulley and electric winch system would have prevented his injury. Again, Defendants fail to offer their own expert report or any other evidence raising a triable issue of fact as to whether the rope-and-pulley system used by Plaintiff on the date of the accident was indeed adequate.

## CONCLUSION

Accordingly, it is hereby:

ORDERED that the Plaintiff's motion (mot. seq. 003) is granted as to liability on his Labor Law § 240(1) claim; and it is further

ORDERED that, within twenty (20) days from entry of this order, Plaintiff shall serve a copy of this order with notice of entry on the Clerk of the General Clerk's Office (60 Centre Street, Room 119, New York, NY 10007); and it is further

ORDERED that such service upon the Clerk shall be made in accordance with the procedures set forth in the *Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases* (accessible at the "E-Filing" page on the court's website at the address www.nycourts.gov/supctmanh).

This constitutes the decision and order of this Court.

20260316113305SBKRAUS34011994CE4348468F8664DE957A549C

_____
**3/16/2026**
**DATE**

_____
**SABRINA KRAUS, J.S.C.**

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| | X | GRANTED | | DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | X | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**152556/2021   CAMPUZANO, FRANCISCO vs. AECOM, TISHMAN CONSTRUCTION**
**Motion No.  003**

Page 7 of 7